1  MAUREEN E. MCCLAIN, Bar No. 062050
   MATTHEW P. VANDALL, Bar No. 196962
2  SHANNON M. GIBSON, Bar No. 256634
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  Email:        mmcclain@littler.com
                 mvandall@littler.com
7                sgibson@littler.com

8  Attorneys for Defendant
   DOLLAR TREE STORES, INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  ANGELA ALLEN,                      Case No.  3:10-CV-04492 WHA

14            Plaintiff,

15      v.                             **DEFENDANT'S NOTICE OF MOTION
                                       AND MOTION AND MEMORANDUM OF
16  DOLLAR TREE STORES, INC., aka      POINTS AND AUTHORITIES IN
    DOLLAR TREE STORES, DOES 1 TO      SUPPORT OF MOTION TO DISMISS, OR
17  10,                                IN THE ALTERNATIVE, MOTION FOR A
                                       MORE DEFINITE STATEMENT**
18            Defendant.
                                       [F.R.C.P. 12(b)(1), (6) and 12(e)]
19
                                       Hearing Date:  December 16, 2010
20                                     Time:  8:00 a.m.

21                                     Complaint Filed:  July 28, 2010

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**                            **Case No. 3:10-CV-04492 WHA**

1

## TABLE OF CONTENTS

2
PAGE

3   I.     STATEMENT OF RELIEF REQUESTED..................................................................2

4   II.    INTRODUCTION......................................................................................................2

5   III.   ALLEGATIONS OF THE COMPLAINT .................................................................4

6          A.     Plaintiff's Employment History With Dollar Tree ......................................4

7   IV.    ARGUMENT .............................................................................................................7

8          A.     Plaintiff's Statutory Claims Must Be Dismissed Because She Failed to
                  Exhaust Her Administrative Remedies with the DFEH ................................7
9
           B.     Plaintiff's Complaint Must Be Dismissed Because She Has Failed To State A
10                Claim Upon Which Relief May Be Granted ..................................................8

11                1.     Legal Standard ...................................................................................8

12                2.     Plaintiff's FEHA-Based Claims For Relief Are Time-Barred To The
                         Extent They Are Premised Upon Her Consensual Sexual Relationship
13                       With Wells ..........................................................................................9

14                3.     Plaintiff's FEHA-Based Claims For Relief Must Be Dismissed To The
                         Extent They Are Premised Upon Plaintiff's Sexual Relationship With
15                       Wells And/Or Plaintiff's Association With Wells .............................9

16                4.     The Claims Asserted Against Dollar Tree Do Not Support a
                         Harassment Claim Under The FEHA...............................................10
17
                         a.     The Personnel Decisions Plaintiff Complains of do not
18                              Support a Harassment Claim Under the FEHA.................11

19                       b.     The Comments Alleged in the Complaint Do Not Create
                                An Entitlement to Relief Based Upon a Hostile Work
20                              Environment Theory of Recovery ......................................13

21                5.     Plaintiff's Discrimination Claims Should Be Dismissed On the Ground
                         That Her Conclusory Allegations of Discriminatory Animus Are Not
22                       Supported By The Factual Allegations Of the complaint...................16

23                6.     Plaintiff's Retaliation-Based Theories of Recovery Should Be
                         Dismissed From the Complaint. .......................................................18
24
           C.     Plaintiff's Sixth Cause of Action For Wrongful Termination Must Be
25                Dismissed Because Dollar Tree Did Not Violate Any Discernible Policy...............20

26         D.     Plaintiff's Contract Based Theories of Recovery Must Be Dismissed Because
                  She Has Failed To Plead Either An Express Or An Implied Contract .....................20
27
           E.     In the Alternative, Plaintiff Should Be Required to Amend her Complaint to
28                Provide a More Definite Statement, Pursuant to Rule 12(e)...................................22

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE                    i.                    Case No. 3:10-CV-04492 WHA
STATEMENT

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

V.   CONCLUSION .............................................................................................................23

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1

# TABLE OF AUTHORITIES

2

**PAGE**

3

## CASES

4   *Anderson v. District Bd. of Trustees of Cen. Florida Cmty. Coll.*, 77 F.3d 364 ...............................22

5   *Ashcroft v. Iqbal*, 129 S. Ct. 1937 ...................................................................................................2, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ....................................................................................2

6   *Birchstein v. New United Motor Mfg., Inc.*, 92 Cal.App.4th 994 ......................................................13

7   *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053 ...............................................22

8   *Fisher, supra*, 214 Cal.App.3d at 610 ...............................................................................................14

*Fletcher v. Philip Morris USA Inc.,* 2009 U.S. Dist. LEXIS 63094 ..................................................18

9   *Foley v. Interactive Data Corp.*, 47 Cal.3d 654 ...............................................................................20

10  *Gantt v. Sentry Ins.*, 1 Cal.4th 1083 .................................................................................................20

11  *Golod v. Bank of Am. Corp.*, 2009 U.S. Dist. LEXIS 56134, *10 (D. Del. 2009) ...........................18

*Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 ...............................................21

12  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317 ........................................................................................20

13  *Haberman v. Cengage Learning, Inc.*, 180 Cal.App.4th 365 ...........................................................15

14  *Holland v. Union Pac. R.R. Co.*, 154 Cal.App.4th 940 .......................................................................7

*Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55 .............................................................................11

15  *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932 .................................................................................21

16  *Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718 ......................................................8

17  *McCarthy v. United States*, 850 F.2d 558 ...........................................................................................7

*McCormack v. Advanced Micro Devices*, 1994 U.S. Dist. LEXIS 21764 (N.D. Cal.

18      Dec. 19, 1994) ..............................................................................................................................8

19  *McRae v. Dept. of Corr. & Rehab.*, 142 Cal. App. 4th 377 ........................................................17, 19

20  *Mixon v. DFEH*, 192 Cal.App.3d 1306 ..............................................................................................16

*Mokler v. County of Orange*, 157 Cal.App.4th 121 ..........................................................................15

21  *Neitzke v. Williams*, 490 U.S. 319 ......................................................................................................8

22  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F. 2d 578 ................................................................8

*Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257 .......................................................................15

23  *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530 ....................................................................8

24  *Roby v. McKesson Corp.*, 47 Cal. 4th 686 .......................................................................................12

25  *Rojo v. Kliger*, 52 Cal.3d 65 ...............................................................................................................8

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 ........................................................................7

26  *Silvas v. E*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315 ......................................................................8

27  *SilvasSprewell v. Golden State Warriors*, 266 F.3d 979 ....................................................................8

28  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730 .......................................................7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**

iii.

**Case No. 3:10-CV-04492 WHA**

1

2

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

3

*Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028.............................................................................18

4

**STATUTES**

5

Cal. Code Reg. § 7287.6(b)(1) ....................................................................................................11

Cal. Gov't Code § 12960 ........................................................................................................7, 9

6

Cal. Gov't Code § 12965(b)........................................................................................................2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE ALTERNATIVE, MOT. FOR A MORE DEFINITE STATEMENT**

iv.

**Case No. 3:10-CV-04492 WHA**

1

## NOTICE OF MOTION AND MOTION

2     **TO PLAINTIFF ANGELA ALLEN AND HER ATTORNEYS OF RECORD:**

3              PLEASE TAKE NOTICE that on December 16, 2010 at 8:00 a.m., in Courtroom 9,

4     on the 19th Floor, United States District Courthouse, 450 Golden Gate Avenue, San Francisco,

5     California, Defendant Dollar Tree Stores, Inc. will and hereby does move the Court to dismiss

6     Plaintiff's Complaint in its entirety.   Alternatively, Defendant will also and hereby does move the

7     Court to require Plaintiff Angela Allen to make a more definite factual statement concerning the

8     asserted claims.

9              Defendant's motion to dismiss, or in the alternative, for a more definite statement is

10    based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and

11    Authorities, oral arguments of counsel, and all the relevant pleadings on file with the Court.

12

13    Dated: October 15, 2010

14                                                           /s/ Shannon M. Gibson
                                                             SHANNON M. GIBSON
15                                                           LITTLER MENDELSON
                                                             A Professional Corporation
16                                                           Attorneys for Defendant
                                                             DOLLAR TREE STORES, INC.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**                                                              **Case No. 3:10-CV-04492 WHA**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF RELIEF REQUESTED

Pursuant to either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") respectfully requests that the Complaint, and each cause of action asserted therein, be dismissed.  Alternatively, pursuant to Rule 12(e), Dollar Tree requests an order requiring Plaintiff to allege specific facts supporting her purported claims for relief.

## II.  INTRODUCTION

Plaintiff Angela Allen ("Plaintiff") purports to assert six causes of action against Dollar Tree[1] including claims for discrimination, harassment, retaliation, breach of an implied contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination in violation of public policy.  None of the asserted claims properly allege an entitlement to relief against Dollar Tree.

As an initial matter, Plaintiff has failed to exhaust her administrative remedies with the Department of Fair Housing and Employment ("DFEH"), as she filed this Complaint prior to receiving a "Right-to-Sue" notice.  *See* Cal. Gov't Code § 12965(b).  Thus, the Court lacks subject matter jurisdiction to hear Plaintiff's statutory claims.  Even if the Court had jurisdiction, the Complaint fails to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure because the Complaint, and each cause of action asserted therein, is premised almost exclusively upon conclusory, conflicting allegations that are entitled to no weight at the initial pleading stage.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Further, where Plaintiff offers more than conclusory recitations of the law, she fails to demonstrate how the facts alleged plausibly give rise to any entitlement to relief.  *Twombly*, *supra*, 550 U.S. at 570 (noting that while the Court may not dismiss a complaint where the plaintiff alleges "enough facts to state a claim for relief that is plausible on its face," the Court may properly dismiss a claim where the plaintiff has failed to "nudge[] [the] claims across the

[1]   Dollar Tree owns and operates retail variety discount stores nationwide, selling a broad assortment of goods, all at the $1.00 price point.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

2.

Case No. 3:10-CV-04492 WHA

1  line from conceivable to *plausible*").   For example, although Plaintiff alleges Dollar Tree

2  discriminated against and harassed her because of her race, age, and sex, Plaintiff fails otherwise to

3  describe whether or how the various personnel actions she complains of were taken because of her

4  protected status.  With respect to Plaintiff's purported age-based theories of recovery, Plaintiff fails

5  even to allege that she is over 40.[2]

6         As described in more detail below, the allegations in this Complaint do not describe

7  unlawful conduct.  What Plaintiff does allege is that she had a consensual sexual affair with one of

8  her supervisors, Jaime Wells, between approximately July 2007 and August 2008.  Plaintiff has not

9  sued Wells for sexual harassment.  Nor could she given that she waited nearly two years after the

10  relationship ended to file her Complaint.  Further, Plaintiff does not contend that Wells conditioned

11  any aspect of her employment upon their sexual affair.  Rather, Plaintiff attempts to assert a novel

12  theory of recovery against a different supervisor, Mary Flagler, who Plaintiff now contends was

13  jealous of her relationship with Wells.  Indeed, the Complaint alleges that Flagler harassed Plaintiff

14  by writing her up "for things" not because of Plaintiff's race, age, or sex, but because of Plaintiff's

15  sexual relationship with Wells and/or her affiliation with Wells.  Similarly, Plaintiff alleges that

16  Dollar Tree retaliated against her by transferring Plaintiff out of Flagler's store after Plaintiff

17  reported to Dollar Tree's Human Resources ("HR") department that she believed Flagler was

18  harassing her because of her affair with Wells.  In addition, Plaintiff claims that the September 9,

19  2009 decision to terminate her employment was unlawfully motivated despite her allegations that,

20  while ringing a register at work on September 8th, Plaintiff came up $100 short and tried to hide her

21  mistake by borrowing money from a relative and putting it into her till.

22         The current iteration of the Complaint fails to allege facts which constitute a legally

23  recognizable cause of action against Dollar Tree.   Accordingly, the Court should dismiss the

24  Complaint.  If leave to amend is granted, the Court should order Plaintiff to allege facts sufficient to

25  create a plausible inference that she is entitled to recover anything from Dollar Tree.  Alternatively,

26  Dollar Tree respectfully requests the Court order Plaintiff to make a more definite statement

27
28  [2]  Nor could Plaintiff so allege as she was under the age of 40 during the time periods at issue in her Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

3.

Case No. 3:10-CV-04492 WHA

1    concerning her various causes of action.

2    **III.    ALLEGATIONS OF THE COMPLAINT[3]**

3        **A.    Plaintiff's Employment History With Dollar Tree.**

4            Plaintiff alleges that she worked for Dollar Tree between May 2006 and September 9,

5    2009.  (Compl., pp. 4:5-6, 6:11-12, 7:5-11)  During that time period, Plaintiff was promoted twice

6    ultimately reaching the position of assistant store manager ("ASM").  (*Id.*, p. 4:6-9)  Plaintiff worked

7    as an ASM at two Dollar Tree locations (Oakland and El Cerrito) for three different store managers

8    (Jaime Wells, Mary Flagler, and Orlando Romero).  (*Id.*, pp. 2:13-18, 3:3-5, 4:10, 4:25-27, and 6:11-

9    12)  Per her Complaint, Plaintiff worked in Oakland with Wells from May 2006 through

10   approximately August 2008 when she was transferred to the El Cerrito store.  (*Id.*, p. 4:5-12)

11   Plaintiff worked with Flagler in El Cerrito between August 2008 and approximately June 2009 when

12   she was transferred back to the Oakland store.  (*Id.*, p. 4:25-26)  Plaintiff thereafter worked with

13   Romero in Oakland through the termination of her employment on September 9, 2009.  (*Id.*, pp.

14   6:11-7:13)

15           Plaintiff alleges that she and Wells "had a sexual relationship from approximately

16   July 2007 through August 2008."  (Compl., p. 4:10-12)  The Complaint elsewhere describes this

17   relationship as "a sexual affair" (*id.*, p. 5:17-18); however, Plaintiff does not allege that any aspect of

18   her sexual relationship with Wells was unwelcome or that their affair itself created a hostile work

19   environment for Plaintiff at Dollar Tree.  Rather, Plaintiff alleges that Wells "transferred [her] to the

20   El Cerrito store <u>to avoid conflict</u> between [P]laintiff and one of [Wells'] other girlfriends who

21   worked at the Oakland store."  (*Id.*, p. 4:21-24 (emphasis added))[4]  Plaintiff does not allege that this

22   transfer resulted in a diminution in her pay or benefits or that the ASM position in El Cerrito was in

23   any way inferior to the ASM position she held in Oakland.

24           After transferring to the El Cerrito location, in October 2008, Plaintiff claims she told

25   Flagler "about her sexual relationship" with Wells and that Flagler responded by urging Plaintiff to

26

27   [3] This section summarizes Plaintiff's Complaint as it relates to Defendant's Motion to Dismiss.  By
     doing so, Defendant does not admit the truth of any allegations contained in the Complaint.

28   [4]   The Complaint makes no effort to identify Wells' other alleged girlfriend at the Oakland store.
     *See* Compl., ¶ 15.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**                                    4.                    **Case No. 3:10-CV-04492 WHA**

1   report Wells to Dollar Tree's HR department.  (Compl., p. 5:7-15)  Although there is no indication in

2   the Complaint that Plaintiff followed Flagler's suggestion, Plaintiff does claim that Flagler also told

3   her:  (1) Flagler "had gone to a hotel room with [Wells], but it was not a good experience" (*id.*, p.

4   5:11-12); (2) Wells told Flagler that Plaintiff "was a thief and that [she] was stealing money from the

5   [Oakland] store" (*id.*, p. 5:9-10); and (3) "Wells wanted [P]laintiff out of the [Oakland] store" (*id.*, p.

6   5:8).  These comments were allegedly made during their October 2008 conversation.  (*Id.*)

7           The Complaint further alleges that Flagler harassed Plaintiff "from approximately

8   September 2008 through June 2009, because of [P]laintiff's sexual relationship and or association

9   with Jaime Wells and or because of Mary Flag[l]er's sexual relationship and or association with

10  Jaime Wells."  (Compl., pp. 4:26-5:4 (emphasis added))[5]  Flagler's purported harassment of Plaintiff

11  consisted of "writ[ing] plaintiff up for things other [unspecified] employees would not be written up

12  for."  (*Id.*, p. 5:4-6)  The Complaint does not allege that the "other employees" possessed disparate

13  characteristics from Plaintiff (*e.g.*, Caucasian males).  Nor does Plaintiff allege that she was over the

14  age of forty or that Flagler made any sex, race, or age-based comments to her at any time during her

15  employment with Dollar Tree.

16          In approximately June 2009, following nine months of Flagler allegedly writing her

17  up "for things," Plaintiff complained to Dollar Tree's Julia Giddens[6] that she and Wells had an affair

18  and that Flagler "was harassing her because of her sexual relationship with [Wells]."  (Compl., p.

19  5:16-19)  Giddens relayed Plaintiff's complaint to another member of Dollar Tree's HR department.

20  (*Id.*, 5:19-20)  HR "called plaintiff a few days later and plaintiff told Human Resources about her

21  sexual relationship with [Wells] and that [Flagler] was harassing her because [Flagler] and [Plaintiff]

22  both had sexual relationships with [Wells]."  (*Id.*, p. 5:20-24)  On or about June 28, 2009, Plaintiff

23  was transferred out of Flagler's store to the Oakland store — now managed by Romero.  (*Id.*, pp.

24  _____

25  [5]  It simply is not possible for Flagler to have harassed Plaintiff for this reason in September 2008
    given that Plaintiff alleges that she did not disclose her relationship with Wells to Flagler until
26  October 2008.
    [6]  The Complaint refers to "Julia (internal affairs for Dollar Tree Stores)" which is a reference to
27  Julia Giddens who was employed by Dollar Tree as a Human Resources Compliance Manager as of
    June 2009.  Plaintiff's initial complaint to Giddens was, thus, a complaint to Dollar Tree's HR
28  department, however, it is not necessary for the Court to rely on this fact for purposes of ruling upon
    Dollar Tree's Motion to Dismiss.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

5.

Case No. 3:10-CV-04492 WHA

1   5:24-26, 6:11-12)   The Complaint alleges that this transfer occurred "because of her sexual

2   harassment complaint." (*Id.*, p. 5:24-26)   Plaintiff does not allege that this transfer resulted in a

3   diminution in her pay or benefits or that the ASM position in Oakland was in any way inferior to the

4   ASM position she held in El Cerrito.

5          Plaintiff next contends that, on or about July 1, 2009, Wells and district manager

6   ("DM") Julian Guzman,[7] "falsely accused plaintiff of pulling a knife on two [Dollar Tree]

7   employees" and requested that Plaintiff sign a statement to that effect. (Compl., p. 6:1-5)   Plaintiff

8   further alleges that both Guzman and Wells informed her they had two witness statements

9   supporting the accusation that Plaintiff had "pulled a knife on them." (*Id.*, p. 6:5-7)   Guzman

10  allegedly indicated that HR had instructed him to "to put the complaint in plaintiff's employee

11  personnel file" despite Plaintiff's refusal to sign the counseling statement. (*Id.*, p. 6:7-10)   Although

12  Plaintiff alleges that Wells had informed her on June 29, 2009 that she "would be fired if she

13  received any more write ups" (*id.*, pp. 5:26-6:1), Plaintiff was not terminated based on this incident.

14         Plaintiff's employment with Dollar Tree continued without incident at the Oakland

15  store until September 8, 2009. (Compl., p. 6:11).   On that date, while Plaintiff was cashiering, her

16  register came up "$100.00 short." (*Id.*, p. 6:24-25; *see also id.*, p. 6:12-24)   Plaintiff admits that she

17  "was unable to get the cash register tape to reconcile with the money in the cash register" so she

18  borrowed money from one of her relatives and "put the $100.00 in the cash receipts so the cash

19  receipt would reconcile with the cash register tape." (*Id.*, p. 7:1-5)   The next day, on September 9,

20  2009, Romero informed Plaintiff that Wells (now a DM), HR and Dollar Tree's Asset Protection

21  department (erroneously referred to as loss prevention) terminated Plaintiff's employment. (*Id.*, p.

22  7:11-13)

23         Plaintiff alleges that she "is an African American adult woman." (Compl., p. 2:1)[8]

24

25

26  ─────────────────────
    [7]   The Complaint refers to "Julian, the District Manager," which is a reference to Dollar Tree's
27  Julian Guzman. *See* Compl., p. 6:1-2.
    [8]   Plaintiff does not allege that she is over the age of 40. Nor does she allege the ethnicities of Wells,
28  Flagler or Romero. Although not relevant to Defendant's Motion to Dismiss, Wells and Flagler are
    also African-American and Romero is Hispanic.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940
**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**                                  6.                        **Case No. 3:10-CV-04492 WHA**

IV.   **ARGUMENT**

   A.   **Plaintiff's Statutory Claims Must Be Dismissed Because She Failed to Exhaust Her Administrative Remedies with the DFEH.**

Under Federal Rule of Civil Procedure 12(b)(1), Plaintiff's statutory claims should be dismissed for lack of subject matter jurisdiction. A Rule 12(b)(1) motion "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When it attacks the existence of subject matter jurisdiction in fact, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citations omitted) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment"). No presumption of truthfulness attaches to the plaintiff's allegations; rather, plaintiff has the burden to show that jurisdiction does, in fact, exist. *Thornhill Publ'g Co.*, 594 F.2d at 733.

Here, the Court lacks subject matter jurisdiction over Plaintiff's statutory claims for discrimination, harassment, and retaliation because Plaintiff failed to exhaust her administrative remedies with the DFEH prior to filing suit. *See Holland v. Union Pac. R.R. Co.*, 154 Cal.App.4th 940, 946 (1998) (noting that as a "jurisdictional prerequisite," plaintiffs bear the burden of pleading and proving timely filing of a sufficient complaint with the DFEH and obtaining a right to sue letter); Cal. Gov't Code § 12960 *et seq.* On July 9, 2010, Plaintiff filed a complaint with the DFEH alleging that she had been wrongfully terminated, harassed, and retaliated against on the basis of her sex and association with Wells. *See* Declaration of Matthew P. Vandall ("Vandall Decl."), ¶ 2. On July 28, 2010, she filed this civil action with the Alameda County Superior Court; however, Plaintiff did not receive a "Right-to-Sue" notice from the DFEH until September 9, 2010. Vandall Decl., ¶ 3. Thus, her complaint is jurisdictionally defective and must be dismissed – at least with respect to Plaintiff's claims brought under the FEHA. *Martin v. Lockheed Missiles & Space Co.*, 29

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

Cal.App.4th 1718, 1724 (1994); *see also Rojo v. Kliger*, 52 Cal.3d 65, 88 (1990), superseded on other grounds by *McCormack v. Advanced Micro Devices*, 1994 U.S. Dist. LEXIS 21764 (N.D. Cal. Dec. 19, 1994) (exhaustion is not required before suing on common law tort claims, including claims relating to the same conduct as the FEHA violation – *e.g.*, wrongful discharge).

**B.    Plaintiff's Complaint Must Be Dismissed Because She Has Failed To State A Claim Upon Which Relief May Be Granted.**

**1.    Legal Standard.**

"A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") tests the [legal] sufficiency of the pleadings." *Silvas v. E*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1317 (S.D. Cal. 2006); *see also North Star Int'l v. Arizona Corp. Comm'n*, 720 F. 2d 578, 581 (9th Cir. 1983). "Dismissal is warranted where the Complaint lacks a cognizable legal theory." *Id.*; *see also Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "detailed factual allegations," but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Further, although the court must assume that factual allegations are true, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." *Silvas*, 421 F. Supp. 2d at 1317; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *see also Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

The Complaint cannot satisfy these pleading standards and must be dismissed.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

8.

Case No. 3:10-CV-04492 WHA

2.     **Plaintiff's FEHA-Based Claims For Relief Are Time-Barred To The Extent They Are Premised Upon Her Consensual Sexual Relationship With Wells.**

The Complaint alleges that Plaintiff's sexual affair with Wells ended in August 2008. (Compl., p. 4:10-12)  Under the FEHA, an employee must file a charge with the DFEH within one year after the allegedly unlawful conduct occurs. Cal. Gov't Code § 12960.  Plaintiff, however, filed her administrative complaint with the DFEH on June 21, 2010 — nearly two years after her consensual sexual relationship with Wells ended.  (Compl., pp. 9:24-10:1)  Thus, Plaintiff's FEHA-based claims for discrimination and harassment are time-barred to the extent they are based upon her consensual sexual relationship with Wells.[9]  Similarly, Plaintiff's claim that Wells transferred her to the El Cerrito store is also time-barred as is any other purportedly wrongful conduct which occurred prior to June 21, 2009 — one year prior to the filing of Plaintiff's administrative charge.

3.     **Plaintiff's FEHA-Based Claims For Relief Must Be Dismissed To The Extent They Are Premised Upon Plaintiff's Sexual Relationship With Wells And/Or Plaintiff's Association With Wells.**

The Complaint alleges an entitlement to relief arising out of the FEHA based upon Plaintiff's "sexual relationship with Jaime Wells and or association with Jaime Wells." (Compl., pp. 3:1-2, 3:7-8, 7:23-26)  These allegations cannot support a FEHA-based claim for relief because the referenced conduct is not protected by statute.  *See*   Cal. Govt. Code § 12940(a) (prohibiting discrimination in the terms or conditions of employment based upon sex, race, age, religion, color, national origin, ancestry, marital status, physical or mental disability, medical condition, or sexual orientation); *see also* Cal. Govt. Code § 12940(j)(1) (prohibiting harassment because of these same

---

[9]  There is no basis for the application of the continuing violations doctrine with respect to Plaintiff's consensual sexual relationship with Wells.  *See AMTRAK v. Morgan*, 536 U.S. 101, 105 (2002) (holding that Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period"); *see also Ziv v. Valley Beth Shalom*, 1998 U.S. App. LEXIS 18847, *4 (9th Cir. Cal. Aug. 11, 1998) ("Because the FEHA and Title VII have identical objectives, federal law is instructive for analogous provisions of the FEHA.").   Further, the continuing violations doctrine cannot link Plaintiff's sexual affair in August 2008 while at the Oakland store to Flagler's purportedly harassing write-ups at a different store location, HR's June 2009 decision to transfer Plaintiff from El Cerrito back to the Oakland store, or Wells' participation in deciding to terminate Plaintiff in September 2009, because these incidents are discrete acts involving persons other than or in addition to Wells.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 801 (2001) (continuing violations doctrine applies discrimination claims brought under FEHA only if the employer's unlawful actions are similar in kind, have occurred with reasonable frequency, and have not acquired a degree of permanence).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

9.

Case No. 3:10-CV-04492 WHA

1   enumerated characteristics).   Neither consensual sexual relationships nor associations with an

2   individual are protected by the FEHA; hence, Plaintiff's FEHA-based claims fail to the extent they

3   are premised upon her sexual relationship with Wells.[10]

4            Critical to understanding Plaintiff's flawed legal theory is an appreciation of what she

5   has not alleged with respect to her sexual relationship and/or association with Wells.  Plaintiff has

6   not alleged a *quid pro quo* theory of harassment against Dollar Tree; nor has she named Wells as an

7   individual defendant in this case.  Indeed, the Complaint does not allege that Plaintiff was forced to

8   have a sexual relationship with Wells or that Wells conditioned any aspect of Plaintiff's employment

9   upon sex.  Nor could it because, as described above, such claims are irrefutably time-barred given

10  the August 2008 termination of their affair.  At best, Plaintiff is attempting to press a jealousy claim

11  alleging that Flagler harassed her by issuing write-ups because of Plaintiff's sexual relationship with

12  Wells.  There is no legal basis for this claim under the FEHA.[11]

13           The Court should dismiss Plaintiff's FEHA-based claims for relief to the extent they

14  are premised upon Plaintiff's consensual sexual affair with Wells or her resultant affiliation with

15  Wells.

16       **4.    The Claims Asserted Against Dollar Tree Do Not Support a Harassment
              Claim Under The FEHA.**

17
         **a.    The Personnel Decisions Plaintiff Complains Of Do Not
18               Support A Harassment Claim Under The FEHA**

19           Plaintiff's harassment claim is premised upon personnel action decisions and certain

20  comments made by Dollar Tree store and district managers at various points throughout Plaintiff's

21

22  [10]  Sexual harassment is actionable as "discrimination" on the basis of sex in violation of Title VII if
      it is "so severe or pervasive as to alter the conditions of [the victim's] employment and create an
23    abusive working environment."  *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270 (2001)
      (internal citations omitted); *see also Fischer v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590,
24    606 (1989) (noting that federal precedent is instructive where the FEHA and Title VII have
      analogous provisions).  The Complaint, however, does not sufficiently allege sexual harassment.
25    Hence, Plaintiff's sexual relationship with Wells is not a valid basis for imposing liability on Dollar
      Tree under the FEHA.
26  [11]  In *Candelore v. Clark County Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992), the Ninth
      Circuit rejected plaintiff's attempt to assert a hostile work environment claim based upon a co-
27    worker's affair with a supervisor.  Defendant is not aware of any cases imposing liability against an
      employer under the FEHA because a supervisor was jealous of a subordinate employee's
28    relationship with another supervisor absent independently actionable allegations of sex harassment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT                                10.                          Case No. 3:10-CV-04492 WHA

employment.  As explained fully below, the alleged conduct and comments cannot support a FEHA

harassment claim as a matter of law and should therefore be dismissed.

          **a.**    **The Personnel Decisions Plaintiff Complains Of Do Not Support A Harassment Claim Under the FEHA.**

        Through her first and second causes of action, Plaintiff purports to assert both a discrimination and a harassment claim against Dollar Tree.  *See* Compl., pp. 2:23-3:8 (alleging that Dollar Tree, through SMs Flagler and Romero, "discriminated against plaintiff because of plaintiff's sex, sexual relations with Jaime Wells, and or her association with Jaime Wells"); p. 11:7-14 (alleging Dollar Tree violated Plaintiff's "right to be free from discrimination and/or harassment in employment on the grounds of race"); p. 12:16-22 (alleging that Dollar Tree "engaged in a continuous course of harassing conduct for the purpose of harassing plaintiff . . . because of plaintiff's race and or age and or to retaliate against plaintiff because of plaintiff's prior complaints about disparate treatment on the job").[12]  The FEHA prohibits both harassment and discrimination. *See* Cal. Govt. Code §§ 12940(h)(1) (harassment that is based upon certain protected characteristics is unlawful); 12941(a) (discrimination in employment based upon certain characteristics is unlawful).  Although the Complaint blends these legal concepts, they represent legally and factually distinguishable claims for relief and must be treated as such.  *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 62-63 (1996) (distinguishing harassment from discrimination as factually distinct claims for relief under the FEHA).

        The Fair Employment and Housing Commission (the "FEHC"), which is authorized to adopt and promulgate regulations to interpret and implement the FEHA, also distinguishes between harassing and discriminatory conduct in the work place.  According to the FEHC, harassment can be verbal, physical, visual, or sexual conduct.  *See* 2 Cal. Code Reg. § 7287.6(b)(1) (defining harassment as follows:  "(A) Verbal harassment, *e.g.*, epithets, derogatory comments or slurs on a basis enumerated in the Act; (B) Physical harassment, *e.g.*, assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an

---

[12]  Plaintiff's reference to retaliation in her second cause of action is factually indistinguishable from her third cause of action for retaliation arising under the FEHA, which is discussed in detail below.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE ALTERNATIVE, MOT. FOR A MORE DEFINITE STATEMENT    11.    Case No. 3:10-CV-04492 WHA

1   individual on a basis enumerated in the Act; (C) Visual forms of harassment, *e.g.*, derogatory

2   posters, cartoons or drawings on a basis enumerated in the Act; or (d) Sexual favors, *e.g.*, unwanted

3   sexual advances which condition an employment benefit upon an exchange of sexual favors.").

4   Further, the harassment regulations do not abrogate an employer's "right to take reasonable

5   disciplinary measures which do not discriminate on a basis enumerated in the Act." 2 Cal. Code

6   Reg. § 7287.6(d). Hence, the FEHC definition of harassment carves out lawful personnel decisions

7   from the scope of harassment.

8          Similarly, *Janken* distinguishes harassing conduct from discriminatory conduct under

9   the FEHA. Discrimination claims are founded upon business management decisions such as a

10  termination, counseling, or transfer decision. *Janken,* 46 Cal.App.4th at 64-65. Harassment, by

11  contrast, is conduct engaged in for personal motives, unrelated to business decisions, and includes,

12  among other things, the various forms of verbal, physical, visual, or sexual conduct described in the

13  California regulations. *See id.* at 62-64; *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708

14  (2009) ("[H]arassment is generally concerned with the *message* conveyed to an employee, and

15  therefore with the social environment of the workplace, whereas discrimination is concerned with

16  explicit changes in the terms or conditions of employment.").

17         Here, the allegations of the Complaint do not plausibly suggest an entitlement to

18  relief under a harassment theory of recovery. The conduct at issue consists of personnel actions

19  taken by Dollar Tree's managers within the context of its business operations: (1) Wells' decision to

20  transfer Plaintiff from the Oakland store to the El Cerrito store in approximately August 2008;[13] (2)

21  Flagler writing Plaintiff up "for things other [unspecified] employees would not be written up for";

22  (3) HR's decision to transfer Plaintiff from El Cerrito to Oakland in June 2009; and (4) the decision

23  to terminate Plaintiff. (Compl., pp. 4:21-24, 5:4-6, 5:24-26, 7:9-11) These "personnel management

24  activities" are more suited to Plaintiff's discrimination claim. As a matter of law, however, such

25  conduct does not support a harassment claim under the FEHA. *Janken*, 46 Cal.App.4th at 62-64; *see*

26  *also Roby*, *supra,* 47 Cal. 4th at 708.

27

28  ─────────────────
[13]  As previously described, even if this employment action were an adverse action, and it is not, it
    occurred outside the permissible limitations period and is time-barred.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

12.

Case No. 3:10-CV-04492 WHA

**b.      The Comments Alleged in the Complaint Do Not Create An Entitlement to Relief Based Upon a Hostile Work Environment Theory of Recovery.**

Plaintiff's second cause of action alleges that Dollar Tree's conduct "was severe and or pervasive so as to alter the terms and conditions of plaintiff's employment with Hulstead [sic][14] and create a hostile work environment for Plaintiff." (Compl., p. 12:23-25)  Further, Plaintiff alleges that the harassment was based upon her race, age, and sex.  (Compl., pp. 4:26-5:4, 7:23-26, 8:12-15, 12:16-22)   These conclusory assertions are not supported by factual allegations and must therefore be disregarded. *Iqbal*, 129 S. Ct. at 1950.  To state a claim for hostile work environment harassment, the Complaint must allege facts which enable the Court to draw a reasonable inference that Plaintiff was subjected to harassing conduct based upon a protected characteristic and/or that she was subjected to sexual harassment.  *Fischer*, 214 Cal.App.3d at 609-610; *see also Birchstein v. New United Motor Mfg., Inc.*, 92 Cal.App.4th 994, 1000 (2001) (in order to constitute actionable harassment, the evidence must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult).  Neither form of hostile work environment harassment is properly alleged here.

Plaintiff complains of the following purportedly harassing comments:  (1) Flagler's October 2008 statement to Plaintiff that Wells had informed her that Plaintiff stole money from the Oakland store and that Wells wanted her out of that location;[15] (2) Wells' alleged June 2009 statement to Plaintiff that she would be fired if she received one more write-up; and (3) Wells and Guzman allegedly accusing Plaintiff of pulling a knife on two Dollar Tree employees while at work. (Compl., pp. 4:13-16, 5:7-10, 6:1-10)  Like the employment actions described above, each of these comments arise within the context of personnel matters and, hence, do not support a harassment theory of recovery for the reasons already described.

First, the comments allegedly made by Wells in October 2008 concerning Plaintiff do

---

[14] The Complaint is replete with typographical errors like this one including the misuse of pronouns (he versus she) and the assertion of legal theories without any conceivable basis in fact or law, such as Plaintiff's age discrimination and harassment claims.  Dollar Tree, however, is forced to respond to the Complaint as pled.
[15]   This comment is independently subject to dismissal on the ground that it occurred outside the limitations period.

1    not create a reliable inference of unlawful harassment.  Assuming Plaintiff's allegations are true,

2    Wells made the October 2008 comment to Flagler and not Plaintiff.  Moreover, the comment was

3    relayed to Plaintiff by Flagler after Plaintiff's transfer out of Wells' store.  The comment can hardly

4    be seen as creating a hostile work environment for Plaintiff at the Oakland store location.  In any

5    event, the asserted motivation of the comment (avoiding conflict) is not an unlawful motivation

6    under the FEHA.  Finally, this comment allegedly was made ten months prior to Well's June 2009

7    comments concerning Plaintiff.  "[A]cts of harassment cannot be occasional, isolated, sporadic, or

8    trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a

9    generalized nature."  *Fisher, supra,* 214 Cal.App.3d at 610.

10          Second, Wells' alleged comment that Plaintiff would be fired if she received one

11   more write-up also does not create a reasonable inference of actionable harassment.  Plaintiff alleges

12   that Wells was a District Manager and her supervisor.  Written counseling is by definition a

13   personnel action and, as above, it cannot support a harassment theory of recovery.  Nor is there any

14   indication that Wells' comment was motivated by Plaintiff's race, age, or gender.  Further, Plaintiff

15   does not allege that the alleged threat was made to induce Plaintiff to engage in sexual conduct.

16   Indeed, Plaintiff's sexual affair with Wells ended approximately ten months before the comment was

17   made.

18          Third, Plaintiff's allegation that Wells and Guzman accused Plaintiff of pulling a

19   knife on two other Dollar Tree employees also lacks any indicia of an unlawful motivation.  In fact,

20   Plaintiff alleges the opposite is true by stating that they had "statements from two employees"

21   supporting the accusation.  (Compl., p. 6:5-7)  Obviously, if the employees reported that Plaintiff

22   had pulled a knife on them, Guzman and Wells should have inquired about it for safety reasons.  The

23   fact that Plaintiff denied the charge does not render their investigation unlawful.  Further, the

24   allegations themselves indicate that Wells did not approach Allen about this issue himself and

25   instead partnered with Guzman to discuss the knife incident.  Nowhere does Plaintiff allege that

26   Guzman was harassing her or that Guzman had an unlawful motivation.  This comment simply

27   cannot support a harassment claim against Dollar Tree.

28          Finally, Wells' comments towards or about Plaintiff are not alleged to be motivated

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

14.

Case No. 3:10-CV-04492 WHA

by unlawful animus.  To begin, the Complaint fails to connect a single comment to Plaintiff's race, age,[16] or sex.[17]  Even if these comments were somehow characterized as sex harassment (and they are not), they fall far short of the kind of severe or pervasive sexual comments or conduct that would support a hostile work environment claim.  *See, e.g., Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261-1262 (9th Cir. 1998) (no hostile work environment where supervisor allegedly asked plaintiffs if women had wet dreams; insisted that they work in his hotel room despite their protests to the contrary; told one plaintiff that her bra strap was showing and stated that he "kind of liked it that way"; asked what one plaintiff was wearing under her dress and laughed when she stated that she did not appreciate the comment; told another female employee to "bring [her] buns over here" in plaintiff's presence; leaned against one plaintiff and repeatedly tried to look down her blouse; and engaged in needless touching on several occasions); *Haberman v. Cengage Learning, Inc.*, 180 Cal.App.4th 365, 386 (2009) (no hostile work environment where defendant asked plaintiff how she looked so pretty so early in the morning, told her on a number of occasions that various people had the "hots" for her, said that he just wanted to have sex, and asked plaintiff whether she had any friends who just wanted to have sex and whether she knew anyone that was good in bed); *Mokler v. County of Orange*, 157 Cal.App.4th 121, 144-145 (2007) (no hostile work environment where alleged harasser questioned plaintiff about her marital status, pulled plaintiff's body to his and questioned whether she was there to "lobby" him, told plaintiff that she had nice legs and looked her up and down; demanded to know plaintiff's exact home address, and rubbed against plaintiff's breast while putting his arm around her).

Because the Complaint fails to allege facts supporting Plaintiff's conclusory allegations that she was harassed and subjected to a hostile work environment based on her age, race,

---

[16] It is more likely than not that Plaintiff's reference to age-based harassment (Compl., p. 12:20) is a typographical error insofar as Plaintiff does not allege that she is over the age of the 40; rather, Plaintiff merely alleges that she is an adult.  (Compl., p. 2:1)  Regardless, there are no age-based allegations in the Complaint.  Further, it is unlikely that Plaintiff will seek leave to amend her Complaint to assert an age claim given that she was under the age of 40 at the time of the events alleged in her Complaint.

[17] It is also worth noting that Plaintiff failed to state that any of Dollar Tree's alleged misconduct was based on either *age* or *race* when Plaintiff submitted her complaint to DFEH.  Rather, Plaintiff claimed that she had been wrongfully terminated, harassed, and retaliated against on the basis of her sex and association with Wells.  This is further evidence of Plaintiff's sloppy pleading and/or failure to exhaust her administrative remedies.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

15.

Case No. 3:10-CV-04492 WHA

1    or gender, the Court should dismiss her harassment claim against Dollar Tree.

2         **5.**     **Plaintiff's Discrimination Claims Should Be Dismissed On the Ground**
                   **That Her Conclusory Allegations of Discriminatory Animus Are Not**

3                       **Supported By The Factual Allegations Of the Complaint.**

4           Plaintiff's first cause of action for discrimination accuses Dollar Tree of

5    discriminating against her based upon her race, African-American. (Compl., p. 11:11-13)  The

6    Complaint also alleges that Dollar Tree discriminated against Plaintiff on the basis of sex (*id.*, pp.

7    3:1, 3:7) and those allegations are incorporated by reference into Plaintiff's first cause of action for

8    discrimination.   Further, Plaintiff's second cause of action includes a reference to age-based

9    harassment. (*Id.,* p. 12:20)  While race, sex, and gender are protected by the FEHA, this Complaint

10   fails to state a discrimination claim against Dollar Tree upon which relief may be granted.

11          First, the conclusory references to race, sex, and age discrimination in the Complaint

12   are not entitled to an assumption of truth under *Iqbal*, as described above.  There are no supporting

13   allegations anywhere in the Complaint that would suggest that Plaintiff experienced disparate

14   treatment because of her race, her sex, or her age.  Indeed, there are no allegations that, for example,

15   younger, male, or Caucasian employees received preferential treatment at Dollar Tree.   Hence, the

16   conclusory references to race, sex, and age discrimination in Plaintiff's Complaint must be set aside.

17   *Iqbal*, 129 S. Ct. at 1950.

18          Second, the allegations of the Complaint do not plausibly suggest an entitlement to

19   relief premised upon a race, sex, or age discrimination theory.  As described above, the employment

20   actions which could arguably support such claims are limited to the August 2008 transfer decision,

21   Flagler's write-ups, the June 2009 transfer decision, and the termination decision.  The Complaint,

22   however, does not allege that these decisions were made by Dollar Tree *because of* Plaintiff's race,

23   sex, or age.  As a result, they fail to state a valid discrimination theory of recovery against Dollar

24   Tree.  *See Mixon v. DFEH*, 192 Cal.App.3d 1306, 1317 (1987) (noting that an employee must show

25   that the employer harbored a discriminatory intent in order to assert a discrimination claim under

26   either the FEHA).

27          The Court can dismiss this Complaint because Plaintiff has alleged a lawful

28   motivation for the employment conduct at issue.  Indeed, Plaintiff alleges that Wells transferred her

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**

16.

**Case No. 3:10-CV-04492 WHA**

to El Cerrito "to avoid conflict between plaintiff and one of his [Wells'] other girlfriends who worked at the Oakland store." (Compl., p. 4:21-24)  Similarly, Plaintiff alleges that Flagler wrote her up not because of her race, sex, or age, but because of her "sexual relationship and or association with Jaime Wells and or because of [Flagler's] sexual relationship and or association with [Wells]." (*Id.*, pp. 4:26-5:4)  As described above, these write-ups were, at best, motivated by jealousy and not a characteristic protected by the FEHA.  Similarly, HR's purported decision to transfer Plaintiff from El Cerrito to Oakland was, in Plaintiff's view, motivated by Plaintiff's "sexual harassment complaint" and not her race, sex, or age.[18]  (*Id.*, p. 5:24-26)  In addition, the decision to terminate Plaintiff's employment, was the product of a consensus between Romero, Wells, HR, and Asset Protection.  And, the decision followed Plaintiff's admitted cash shortfall and her own decision to "borrow" money from a relative to cover the shortfall.  These allegations, on their face, provide support for the termination decision; they do not create an inference of unlawful discrimination.[19]

Third, Plaintiff's discrimination claim fails to the extent it is premised upon either the August 2008 or the June 2009 transfer decisions because Plaintiff has not alleged those decisions constituted adverse employment actions.  An employer's decision to transfer an employee to another department or location is not an adverse action unless the transfer was to a non-comparable position or it otherwise resulted in a diminution in pay or benefits.  *McRae v. Dept. of Corr. & Rehab.*, 142 Cal. App. 4th 377, 393 (2006).  Here, Plaintiff merely alleges that she was transferred.  There are no supporting facts which support a plausible inference that the transfer decisions resulted in an appreciable change in Plaintiff's job duties or her compensation.  Absent such allegations, Plaintiff's discrimination fails properly to allege an entitlement to relief against Dollar Tree based on those decisions.

Finally, the Complaint does not allege that similarly situated employees who do not possess Plaintiff's protected characteristics received preferential treatment.  Plaintiff does allege that

---

[18]  The extent to which HR's alleged decision to transfer Plaintiff to Oakland in June 2009 constitutes a valid retaliation claim under the FEHA is discussed below.
[19]  Nor does Plaintiff allege that the similarly situated non-African American employees were treated more favorably. Indeed, she would be hard pressed to find another employee whose register was short exactly $100 and who admitted that deception by borrowing funds to cover the mistake.  Regardless, absent such supporting allegations, the termination decision fails to state a *prima facie* case of race discrimination.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

17.

Case No. 3:10-CV-04492 WHA

1  Flagler wrote her up "for things" other employees were not written up for. However, Plaintiff does

2  not allege those unspecified "other employees" were Caucasian males or that such employees were

3  under 40. Additionally, Plaintiff has not alleged that any similarly situated Dollar Tree employees

4  (*e.g.*, employees who came up $100 short and "borrowed" money from a relative to cover their

5  tracks) were not terminated. There are, thus, no supporting factual allegations which suggest that

6  discrimination was a motivating factor in the termination decision. *See, e.g., Fletcher v. Philip*

7  *Morris USA Inc.,*[20] 2009 U.S. Dist. LEXIS 63094, *17 (E.D. Va. 2009) (granting defendant's motion

8  to dismiss where plaintiff's only attempt to compare his specific situation to another similarly

9  situated employee was the conclusory allegation that "similarly situated whites, females, and non-

10  black males" were treated differently than plaintiff); *Golod v. Bank of Am. Corp.*, 2009 U.S. Dist.

11  LEXIS 56134, *10 (D. Del. 2009) (same).

12  Because Plaintiff has pled no factual content upon which the Court could draw a

13  reasonable inference that Dollar Tree discriminated against Plaintiff because of her race, her sex, or

14  her age, her FEHA-based discrimination claims must be dismissed. *Iqbal*, 129 S. Ct. at 1949.

15  **6.  Plaintiff's Retaliation-Based Theories of Recovery Should Be Dismissed**
   **From the Complaint.**

16

17  To properly allege a retaliation claim under *Iqbal*, Plaintiff must allege facts

18  supporting her *prima facie* case: (1) that she engaged in a protected activity; (2) that the employer

19  subjected Plaintiff to an adverse employment action; and (3) that a causal link exists between the

20  protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042

21  (2005); Cal. Govt. Code § 12940(h).

22  The only protected activities Plaintiff here alleges are her (1) June 2009 confession to

23  Giddens concerning her affair with Wells and her complaint that Flagler was "harassing" her

24  because of that relationship; and (2) her June 2009 participation in the HR investigation of that

25  [20] The court in *Fletcher* noted that plaintiff had alleged several seemingly isolated incidents bearing
26  no relation to plaintiff's claims either substantively or temporally. *Fletcher*, 2009 U.S. Dist. LEXIS
   at *17. "Plaintiff was not involved in any of the alleged incidents, nor were any of Plaintiff's
27  supervisors." *Id.* It vehemently rejected plaintiff's argument that it could "fairly infer" from his
   meager allegations that similarly situated employees of a different race or gender received better
   treatment than plaintiff because that was precisely the type of inference – one drawn from
28  conclusory allegations unsupported by any facts – prohibited by *Twombly* and *Iqbal*." *Id.* at *18.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

18.

Case No. 3:10-CV-04492 WHA

1   complaint.  *See* Compl. p. 13:2-7 (alleging that these two complaints constituted opposition activity).

2   Here, Plaintiff merely alleges the legal conclusion that she was retaliated against; she fails to allege

3   facts in support of this conclusion.   The alleged adverse actions which stemmed from Plaintiff's

4   alleged opposition activity are the June 2009 transfer from El Cerrito to Oakland and the September

5   9, 2009 termination of her employment.  Based on the allegations of this Complaint, neither decision

6   supports an actionable retaliation claim against Dollar Tree.

7          First, Plaintiff does not allege facts sufficient to create an inference that the June 2009

8   transfer decision constituted an adverse action.  *See McRae, supra,* 142 Cal. App. 4th at 393 (2006)

9   (transfers are not adverse actions unless the transfer is to a non-comparable position or it results in a

10  diminution in pay or benefits).  Further, Plaintiff does not allege that she was transferred against her

11  will.   Rather, she alleges that Flagler was harassing her in El Cerritto (albeit for unprotected

12  reasons), that she reported the conduct to HR, and that HR responded by separating the alleged

13  victim from the purported harasser.  In fact, Plaintiff was returned to a position she previously

14  enjoyed (working at the Oakland store), albeit under the supervision of a new manager, Romero.

15  Plaintiff can hardly contend that Dollar Tree's decision to remove her from the immediate

16  supervision of her alleged harasser constituted actionable retaliation.  (Compl., p. 5:16-19, 24-26)

17         Second, there are no factual allegations in the Complaint which support a reasonable

18  inference that the termination decision was the product of retaliatory animus.  Here, Plaintiff fails to

19  plead facts showing a plausible causal connection between her harassment complaints and/or her

20  participation in HR's investigation of those complaints and her termination.  While Plaintiff alleges

21  that "[Orlando] said that he had spoken to Jamie Wells, with Human Resources and with loss

22  prevention and they wanted [P]laintiff out," there are no facts tying this decision to Plaintiff's

23  complaint about Flagler's purported harassment.  Plaintiff fails to draw any connection whatsoever,

24  let alone a plausible one, between these isolated events.  At most, she alleges that Dollar Tree's

25  conduct was "arbitrary, and unreasonable and violated defendant's policies, and past practices";

26  however, that is nothing more than another unsubstantiated legal conclusion.  (Compl., p. 7:14-16)

27  Further, the Complaint alleges that Plaintiff engaged in deceptive misconduct providing independent

28  grounds for the termination decision.  Indeed, she alleges she was $100 short on her register, that she

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

19.

Case No. 3:10-CV-04492 WHA

1    "borrowed" money from a relative, and placed it into her till to hide her mistake.  These allegations

2    do not support an inference that the termination decision was based upon retaliatory animus.

3            The Court should dismiss Plaintiff's retaliation based theories of recovery because

4    they are premised upon conclusory assertions that are contradicted by the factual allegations of her

5    Complaint and, hence, Plaintiff has not satisfied the heightened pleading standards required by *Iqbal*.

6    **C.**    **Plaintiff's Sixth Cause of Action For Wrongful Termination Must Be Dismissed**
               **Because Dollar Tree Did Not Violate Any Discernible Policy.**
7

8            Plaintiff's sixth cause of action is a claim for wrongful termination in violation of

9    public policy.  (Compl., ¶¶ 57-58)  The purported policy basis supporting Plaintiff's sixth claim for

10   relief are the FEHA's proscriptions against discrimination, harassment, and retaliation.  (Compl., ¶

11   58)  To the extent the Court dismisses Plaintiff's FEHA claims, Plaintiff's claim for wrongful

12   termination must also be dismissed because the sixth cause of action is not otherwise rooted in an

13   identifiable policy violation.  It is well settled in California that a wrongful termination claim based

14   on public policy must be "carefully tethered to fundamental policies that are delineated in

15   constitutional or statutory provisions" to ensure "the proper balance among the interest of the

16   employers, employees and the public."  *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1095 (1992) (discussing

17   the limitations of the public policy exception).  The Court should therefore dismiss Plaintiff's sixth

18   cause of action.

19   **D.**    **Plaintiff's Contract Based Theories of Recovery Must Be Dismissed Because She**
               **Has Failed To Plead Either An Express Or An Implied Contract.**
20

21           Plaintiff's fourth and fifth causes of action alleging breach of an implied-in-fact

22   contract and breach of the covenant of good faith and fair dealing also fail under the *Iqbal* pleading

23   requirements.

24           Absent an express agreement stating that employment is "at-will," an employee may

25   rebut the statutory presumption of at-will employment by proving the existence of an implied-in-fact

26   promise or contract not to discharge without good cause.  Such a contract may be proved by a course

27   of conduct, including oral representations.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 336-337

28   (2000); *see also Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 680 (1988) (identifying factors

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT                                20.                Case No. 3:10-CV-04492 WHA

1   other than express terms that may bear upon the existence and content of an implied-in-fact contract

2   including the personnel policies or practices of the employer, the employee's longevity of service,

3   and actions or communications by the employer reflecting assurances of continued employment).

4          As a corollary to an implied-in-fact contract, an employee may also claim that an

5   employer breached the implied covenant of good faith and fair dealing.  *See Marsu, B.V. v. Walt*

6   *Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (citations omitted) ("Every contract imposes upon

7   each party a duty of good faith and fair dealing in its performance and its enforcement.").  However,

8   Plaintiff must show that a contractual relationship exists in order to have a viable claim for alleged

9   breach of the good faith covenant.  *Foley*, 47 Cal. 3d at 683-684 (noting that the implied covenant of

10  good faith and fair dealing rests upon the existence of some specific contractual obligation); *see also*

11  *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *13 (C.D. Cal. Sept. 14, 2010)

12  (breach of the good faith covenant requires that plaintiff show (1) the existence of a contract, (2)

13  plaintiff did all, or substantially all, of the significant things the contract required, (3) the conditions

14  required for defendant's performance have occurred, (4) defendant unfairly interfered with plaintiff's

15  right to receive the benefits of the contract, and (5) plaintiff was harmed by defendant's conduct).

16         Here, Plaintiff has failed to plead that she had any employment contract with Dollar

17  Tree and provides insufficient factual support to establish an implied-in-fact contract.  She makes no

18  effort whatsoever to show that an employment contract — either express or implied — existed as

19  between Plaintiff and Dollar Tree.  Regarding an implied-in-fact contract, Plaintiff summarily

20  concludes:  "The conduct, policies, and past practices of Dollar Tree Stores and DOES 1 to 5,

21  inclusive, and each of the [sic], and of its agents and employees, as alleged herein, during the time

22  plaintiff was employed with defendant gave rise to an implied in fact employment contract between

23  plaintiff and Dollar Tree Stores."  (Compl., p. 13:13-18)  Plaintiff gives no hint of what "policies,

24  and past practices" she is referring to, or the persons whose conduct formed the basis of Plaintiff's

25  alleged implied-in-fact contract with Dollar Tree.  In other words, Plaintiff's complaint is devoid of

26  any factual allegations to rebut the presumption of at-will employment.  Like the plaintiff in *Iqbal*,

27  Plaintiff's bare assertions "amount to nothing more than a formulaic recitation of the elements" for

28  breach of the implied-in-fact contract.  *Iqbal*, 129 S. Ct. at 1951.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**

21.

**Case No. 3:10-CV-04492 WHA**

1    The Court should dismiss Plaintiff's fourth and fifth causes of action on these

2    grounds.

3    **E.    In the Alternative, Plaintiff Should Be Required to Amend her Complaint to Provide a More Definite Statement, Pursuant to Rule 12(e)**

4

5    Where a complaint is "so vague or ambiguous that a party cannot reasonably be

6    required to frame a responsive pleading, the party may move for a more definite statement." *See*

7    F.R.C.P. 12(e). "The proper test in evaluating a motion under Rule 12(e) is whether the complaint

8    provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and*

9    *Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); *see also Anderson v.*

10   *District Bd. of Trustees of Cen. Florida Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (stating that a

11   defendant faced with a lengthy, "shotgun" complaint is "expected to move" for a more definite

12   statement rather than file an answer, and that if defendant fails to do so, the trial court should *sua*

13   *sponte* require a more definite statement). Should the Court decline to dismiss the Complaint, for the

14   reasons already discussed, Dollar Tree respectfully requests that Plaintiff be ordered to provide a

15   more definite statement pursuant to F.R.C.P. 12(e).

16   As set forth above, Plaintiff's complaint falls woefully short of the federal pleading

17   requirements articulated by *Iqbal*. For the most part, she merely pleads legal conclusions absent any

18   factual support. Where Plaintiff includes more than "threadbare recitals of the elements of a cause

19   of action," or "'naked assertion[s]' devoid of 'further factual enhancement,'" she fails to articulate

20   why she is plausibly entitled to relief. *Iqb*al, 129 S. Ct. at 1949. While pleadings are not intended as

21   substitutes for discovery, Plaintiff must allege sufficient facts to inform Defendant of the nature of

22   the claims and the parties against whom they are being made. Otherwise, Dollar Tree is unable to

23   prepare a meaningful response. It cannot identify what defenses may be available to it or properly

24   comply with its early disclosure requirements under F.R.C.P. 26(a)(1). If any exist, the facts on

25   which Plaintiff's claims for discrimination, harassment, and/or retaliation rest are vague and

26   ambiguous. At the very least, Plaintiff must identify who discriminated against and/or harassed her,

27   and how the allegedly improper conduct was motivated by sex, age, and/or race — that is, categories

28   protected under the FEHA (as opposed to Plaintiff's "sexual relations and/or association" with Mr.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT

22.

Case No. 3:10-CV-04492 WHA

1   Wells).  To the extent that Plaintiff's claim for retaliation is permitted to go forward, Dollar Tree

2   moves for a more definite statement of the alleged adverse employment action taken against

3   Plaintiff, as well as how it is causally connected to Plaintiff's report to the HR department in June

4   2009 of Ms. Flagler's harassing her about Plaintiff's sexual relationship with Mr. Wells.   Finally,

5   Dollar Tree requests a more definite statement concerning the facts which purportedly support

6   Plaintiff's implied contract theories of recovery.

7   **V.       CONCLUSION**

8          For all the foregoing reasons, Defendant respectfully requests that the Court dismiss

9   Plaintiff's claims in their entirety, as Plaintiff has failed to state a claim upon which relief can be

10  granted.  Should the Court be disinclined to dismiss the Complaint, Defendant alternatively requests

11  that Plaintiff be ordered to provide a more definite statement of her claims in this matter.  At the very

12  least, Plaintiff's statutory claims must be dismissed for lack of subject matter jurisdiction.

13

14

15  Dated: October 14, 2010

16                                      /s/ Shannon M. Gibson
                                        SHANNON M. GIBSON
17                                      LITTLER MENDELSON
                                        A Professional Corporation
18                                      Attorneys for Defendant
                                        DOLLAR TREE STORES, INC.
19

20
    Firmwide:97683466.1 061603.1017
21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF.'S MOT. TO DISMISS, OR IN THE
ALTERNATIVE, MOT. FOR A MORE DEFINITE
STATEMENT**

23.

**Case No. 3:10-CV-04492 WHA**