1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorney for Plaintiff
   Angela Allen

5

6

7                    UNITED STATES DISTRICT

8              NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11

12

   ANGELA ALLEN,
13                                    Case No. 3:10-CV-04492 WHA
                  Plaintiff,
14                                    MEMORANDUM OF POINTS AND
   vs.                                AUTHORITIES IN OPPOSITION TO
15                                    DEFENDANT'S MOTION TO DISMISS
   DOLLAR TREE STORES, INC., aka      OR IN THE ALTERNATIVE, MOTION
16 DOLLAR TREE STORES, DOES 1         FOR A MORE DEFINITIVE
   TO 10,                             STATEMENT
17
                  Defendants.         Hearing Date: December 16,
18 _____/   2010
                                      Time: 8:00 a.m.
19
                                      Complaint Filed: July 28, 2010
20

21

22                    **INTRODUCTION**

23      Plaintiff, Angela Allen hereby opposes plaintiff's motion to

24 dismiss, or in the alternative, motion for a more definite

25 statement.  Plaintiff request the court to deny defendant's

26 motion.  Defendant has failed to carry its burden of proof

27 Memorandum of Points
   and Authorities in Opposition
28 to Def's. Motion to Dismiss          -1-

1   regarding defendant's motion to dismiss.  Plaintiff's motion to

2   dismiss lacks merit and should be denied.  Plaintiff is alleging

3   that she suffered emotional distress damages because her

4   supervisors on her job discriminated against her and harassed her

5   because of her sex and that Wells the district manager and or

6   defendant terminated her employment in retaliation against her

7   for complaining about the harassment by Wells and or Flager, both

8   of whom were her supervisors at the time of their alleged

9   unlawful conduct.  Plaintiff did not allege a claim for

10   discrimination based on age.

11                             **ARGUMENT**

12      Plaintiff, alleges the following six causes of action in her

13   civil complaint filed with Alameda County Superior:

14      First Cause of Action: Violation of Government Code sections

15   12920, 12921, 12940 et seq.

16      Second Cause of Action: Harassment Violation of Government

17   Code section 12940, et seq.

18      Third Cause of Action: Retaliation for Prior Sexual

19   Harassment Complaint and or Participation in Complaint

20   Investigation against Dollar Tree Stores, Inc.

21      Fourth Cause of Action: Breach of Implied in Fact Contract

22   against Dollar Tree Stores, Inc.

23      Fifth Cause of Action: Breach of Implied Covenant of Good

24   Faith and Fair Dealing

25      Sixth Cause of Action: Wrongful Termination in Violation of

26   Public Policy

27   Memorandum of Points
    and Authorities in Opposition

28   to Def's. Motion to Dismiss      -2-

1        Plaintiff's complaint states facts sufficient to allow her

2   to recover damages on her first cause of action (violation of

3   California Government Code sections 1290, 12921, 12940, et seq..

4   The facts contained in plaintiff's DFEH complaint are

5   incorporated into her civil complaint before the court, by

6   reference, at Pg.10:2-4 of her civil complaint.

7        California Government Code section 12920, declares the state

8   of California's public policy prohibiting employment

9   discrimination based on sex.  California Government Code section

10  12921 declares that all persons have a civil right to hold

11  employment free of discrimination based on sex.  California

12  Government Code sections 12940, et seq. prohibits employers from

13  discriminating against employees based on race and sex and

14  requires employers to take all reasonable action to stop sexual

15  discrimination in the work place.

16       Plaintiff's civil complaint before this court includes

17  allegations that plaintiff had a sexual relationship with Jamie

18  Wells, her supervisor on her job and that when her sexual

19  relations with Wells terminated, Wells started harassing her

20  because of his prior sexual relations with her.  Wells

21  transferred plaintiff from her work station in an Oakland store

22  to another store located in El Cerrito to avoid conflict with

23  plaintiff and his other girlfriends; then he falsely accused

24  plaintiff of stealing on the job and told plaintiff's supervisor

25  that plaintiff was a thief; later he falsely accused plaintiff of

26  assaulting her co worker; and finally, Wells arbitrarily directed

27  Memorandum of Points
    and Authorities in Opposition
28  to Def's. Motion to Dismiss        -3-

1   plaintiff's supervisor to terminate plaintiff's employment

2   without cause because of his prior sexual relations with

3   plaintiff and to retaliate against plaintiff for her complaints

4   of about Wells' sexual harassment.

5       Mary Flager, plaintiff's immediate supervisor when plaintiff

6   worked at defendant's El Cerrito store, made false statements

7   about plaintiff and took adverse disciplinary action against

8   plaintiff because of false statements made to her by Wells, and

9   because Flager was also was having a sexual relationship with

10  Wells and because of plaintiff's former sexual relationship with

11  Wells.  When plaintiff complained to management about sexual

12  harassment, defendant failed to reasonably investigate her

13  complaints and failed to take all reasonable steps to stop the

14  sexual harassment from occurring; defendant fired plaintiff in

15  retaliation for her complaints about sexual harassment.

16      Plaintiff's civil complaint states facts sufficient to allow

17  her to recover damages on her second cause of action,

18  (Harassment).  California Government Code section 12940, et seq.

19  prohibits employers from sexually harassing employees.  The facts

20  plaintiff alleges in civil complaint before the court, read along

21  with the facts stated in her DFEH complaint state facts, if true,

22  entitle plaintiff to relief for harassment in violation of

23  section 12940, et seq..  Wells and Flager were defendant's

24  supervisors and or defendant's managerial employees.  Wells

25  engaged in a continuous course of offensive conduct toward

26  plaintiff because of her sexual relationship with Wells that

27  Memorandum of Points
    and Authorities in Opposition

28  to Def's. Motion to Dismiss       -4-

1  created a hostile work environment for plaintiff.  His conduct

2  also constitutes sexual harassment of plaintiff in violation of

3  California Government Code section 12940, et seq..

4      Plaintiff's complaint states facts sufficient to allow her

5  to recover damages on her third cause of action, (retaliation).

6      Plaintiff alleges that she was fired from her job in

7  retaliation for her sexual harassment complaints.  California

8  Government Code section 12940, et seq. prohibits employers from

9  retaliating against employees for complaining about

10  discrimination and or harassment on the job.

11      Plaintiff's complaint states facts sufficient to allow her

12  to recover damages on her fourth cause of action, (breach of

13  implied in fact contract).  At page 13:13-18 plaintiff alleges

14  the existence of an implied in fact contract between plaintiff

15  and defendant.

16      Plaintiff's complaint states facts sufficient to allow her

17  to recover damages on her fifth cause of action, (breach of

18  implied covenant of good faith and fair dealing).  Plaintiff

19  incorporates all of her prior allegations in her civil complaint

20  and her DFEH complaint into her fifth cause of action at pg.14:6-

21  8.  At pg.14:9-16, plaintiff alleges the existence of an implied

22  covenant of good faith and fair dealing in an employment contract

23  between plaintiff and defendant and also alleges that defendant

24  breached the implied covenant of good faith and fair dealing.

25      Plaintiff's complaint states facts sufficient to allow her

26  to recover damages on her sixth cause of action (wrongful

27  Memorandum of Points
and Authorities in Opposition

28  to Def's. Motion to Dismiss      -5-

termination in violation of public policy). California Government Code section 1290 and 12921 states that the state of California has a public policy against terminating employees because of discrimination; which includes terminating an employee in retaliation for complaining about sexual harassment.

CONCLUSION:

The defendant has failed to carry its burden of establishing that plaintiff's complaint or any cause of action therein should be dismissed. Therefore, plaintiff respectfully requests the court to deny defendant's motion to dismiss. In the alternative, plaintiff requests an opportunity to amend her complaint to cure any defects as the court deems necessary.

Date: November 19, 2010          LAW OFFICES OF MICHAEL C. COHEN

                                 Michael C. Cohen, Attorney
                                 for Plaintiff

Memorandum of Points
and Authorities in Opposition
to Def's. Motion to Dismiss          -6-