IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>DOLLAR TREE STORES, INC., also known as DOLLAR TREE STORES,<br><br>    Defendant.<br>                                               / | No. C 10-4492 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this sexual harassment and wrongful termination action, defendant Dollar Tree Stores, Inc., moves to dismiss all six claims asserted against it by plaintiff Angela Allen. For the reasons set forth below, defendant's motion to dismiss is **GRANTED**. The hearing on this motion is hereby **VACATED**.

**STATEMENT**

Plaintiff Angela Allen worked for defendant Dollar Tree Stores, Inc., for over three years, from May 2006 to September 2009. Plaintiff alleges that during this time she had a sexual relationship with her boss for a period of nearly one year. After this relationship ended in August 2008, plaintiff alleges that defendant created a hostile work environment in which plaintiff was sexually harassed as a result of the termination of her relationship with her boss. Plaintiff further alleges that she was ultimately wrongfully terminated.

1    Plaintiff filed an administrative complaint with the California Department of Fair
2  Employment and Housing on June 21, 2010. Plaintiff subsequently initiated the instant action in
3  state court in July 2010 and defendant removed. Defendant filed the instant motion to dismiss
4  and plaintiff filed a timely opposition to defendant's motion.

**ANALYSIS**

6    The complaint sets forth six claims: (1) violations of California Government Code
7  Sections 12920, 12921, and 12940 *et seq.*; (2) harassment violations of California Government
8  Code Sections 12940 *et seq.*; (3) retaliation for prior sexual harassment complaint; (4) breach of
9  implied in fact contract; (5) breach of the implied covenant of good faith and fair dealing; and
10 (6) wrongful termination. As explained in the analysis below, the motion to dismiss is **GRANTED**.

11    **1.    STANDARD OF REVIEW**

12    To survive a motion to dismiss for failure to state a claim, a pleading must contain
13 sufficient factual matter, accepted as true, to state a claim that is plausible on its face. FRCP
14 12(b)(6); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible
15 when there are sufficient factual allegations to draw a reasonable inference that defendants are
16 liable for the misconduct alleged. While a court "must take all of the factual allegations in the
17 complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual
18 allegation." *Id*. at 1949–50. "[C]onclusory allegations of law and unwarranted inferences are
19 insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy*
20 *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal without leave to amend is only appropriate
21 when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by
22 amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). With these legal standards
23 set forth, this order turns to the six claims in the complaint.

24    **2.    STATUTE OF LIMITATIONS**

25    Defendant argues that plaintiff's claims against defendant are time-barred under the
26 California Fair Employment and Housing Act. FEHA requires an employee to file a charge with
27 the Department of Fair Employment and Housing within one year after the allegedly unlawful
28 conduct occurs. Cal. Gov't Code § 12960. Plaintiff, however, filed her administrative complaint

1 on June 21, 2010, nearly two years after her relationship with her boss ended. Moreover,
2 defendant cites *National Railroad Passenger Corporation v. Morgan*, to support the argument
3 that there is no basis in this action for application of the continuing violations doctrine, which
4 would potentially allow plaintiff more time to file her claims. 536 U.S. 101, 105 (2002).

5 Plaintiff does not rebut or address these arguments in her opposition. In fact, plaintiff fails
6 to cite a single legal authority in response to defendant's motion to dismiss. In addition,
7 plaintiff's complaint does contain enough details to determine that plaintiff's claims are not time-
8 barred. Instead, plaintiff asserts legal conclusions that are not plausible enough to survive a
9 motion to dismiss. For these reasons, defendant's motion to dismiss plaintiff's first three claims
10 relating to sexual harassment and retaliation is **GRANTED**.

11     **3. WRONGFUL TERMINATION CLAIMS**

12 Plaintiff's fourth, fifth, and sixth claims relate to her allegation that she was wrongfully
13 terminated. Defendant moves to dismiss these claims on the ground that the complaint does not
14 allege sufficient facts and instead relies on legal conclusions. This order agrees.

15 Plaintiff has not provided any evidence of the existence of an implied-in-fact promise or
16 contract with defendant that rebuts the presumption of "at-will" employment. Defendant cites
17 numerous legal decisions supporting the notion that in order to plausibly state a claim for breach
18 of contract or wrongful termination, plaintiff must, at the very least, allege in her complaint
19 sufficient facts to rebut this presumption or to demonstrate the existence of such a contract. *See,*
20 *e.g.*, *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 336 (2000). Again, however, plaintiff does not
21 address these arguments in her opposition and fails to cite a single legal authority in response to
22 defendant's motion to dismiss. Instead, plaintiff asserts legal conclusions that are not plausible
23 enough to survive a motion to dismiss.

24 Defendant's motion to dismiss plaintiff's fourth, fifth, and sixth claims for breach of
25 contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination
26 is **GRANTED**.

3

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss the complaint is **GRANTED** and all claims asserted by plaintiff are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. If no motion is filed by the deadline, this case will be dismissed.

The motion should clearly explain how the amendments to the complaint address the problems with plaintiff's claims identified in this order. Specifically, plaintiff is encouraged to avoid asserting legal conclusions and instead provide detailed facts plausible enough to support the claims alleged in her complaint. Plaintiff is also encouraged to cite to legal authority to support her claims.

The December 16 hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4