1  MAUREEN E. MCCLAIN, Bar No. 062050
   MATTHEW P. VANDALL, Bar No. 196962
2  SHANNON M. GIBSON, Bar No. 256634
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  Email:        mmcclain@littler.com
                 mvandall@littler.com
7                sgibson@littler.com

8  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  ANGELA ALLEN,                          Case No.  3:10-CV-04492 WHA

14               Plaintiff,                DECLARATION OF SHANNON M.
                                           GIBSON IN SUPPORT OF DEFENDANT'S
15       v.                                ADMINISTRATIVE MOTION SEEKING
                                           CLARIFICATION OF COURT'S ORDER
16  DOLLAR TREE STORES, INC., aka,         GRANTING DEFENDANT'S MOTION TO
    DOLLAR TREE STORES, DOES 1 to 10,      DISMISS
17
                 Defendant.
18
                                           Complaint Filed: July 28, 2010
19

20

28 DECL. OF SHANNON M. GIBSON ISO
   DEF'S MOT. SEEKING CLARIFICATION                    Case No. 3:10-cv-04492 JWA
   OF COURT'S ORDER GRANTING DEF.'S
   MOT. TO DISMISS

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

I, SHANNON M. GIBSON, declare:

1. I have personal knowledge of the facts set forth below. If called upon as a witness, I could testify competently thereto. I am an attorney duly licensed to practice before the courts of the State of California. I am an associate in the firm of Littler Mendelson ("Littler"), counsel for Defendant Dollar Tree Stores, Inc. ("Defendant") in the above-entitled action.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Court's Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint ("Dismissal Order") dated December 8, 2010.

3. On December 9, 2010, my colleague and Littler shareholder Matthew P. Vandall contacted Plaintiff's counsel by email requesting that he stipulate to two changes in the Court's Dismissal Order. Additionally, he informed Plaintiff's counsel that Defendant intended to file an administrative request for relief to clarify the issues raised. A true and correct copy of this email is attached hereto as **Exhibit 2**.

4. On December 14, I contacted Plaintiff's counsel by telephone to follow-up on Mr. Vandall's email. I spoke briefly with Plaintiff's counsel, who indicated that he would get back to me the next day regarding our request. Having not heard from Plaintiff's counsel, I emailed him on December 15, 2010. Again, I outlined the proposed changes to the Court's Dismissal Order and reminded him that Defendant intended to file a motion for administrative relief. Under Civil Local Rule 7-11, we are required to include either a stipulation reflecting that the parties agree to the proposed changes or a declaration that explains why a stipulation could not be obtained. A true and correct copy of this email is attached hereto as **Exhibit 3**.

5. Plaintiff's counsel did not respond in any way to Mr. Vandall's and my meet and confer efforts by the requested deadline or at any time. We interpret his non-responsiveness as suggesting that he disputes the proposed changes. Thus, we have filed Defendant's motion seeking clarification of the Court's Dismissal Order without a stipulation.

///

///

DECL. OF SHANNON M. GIBSON ISO DEF'S MOT. SEEKING CLARIFICATION OF COURT'S ORDER GRANTING DEF.'S MOT. TO DISMISS | 1. | Case No. 3:10-cv-04492 JWA

I have read this Declaration and hereby declare, under penalty of perjury under the laws of the United States of America, that it is true and correct. Executed in San Francisco, California on December 17, 2010.

/s/ Shannon M. Gibson
SHANNON M. GIBSON

Firmwide:99229833.1 061603.1017

DECL. OF SHANNON M. GIBSON ISO DEF'S MOT. SEEKING CLARIFICATION OF COURT'S ORDER GRANTING DEF.'S MOT. TO DISMISS | 2. | Case No. 3:10-cv-04492 JWA

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., also known as DOLLAR TREE STORES,<br><br>Defendant. | No. C 10-4492 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this sexual harassment and wrongful termination action, defendant Dollar Tree Stores, Inc., moves to dismiss all six claims asserted against it by plaintiff Angela Allen. For the reasons set forth below, defendant's motion to dismiss is **GRANTED**. The hearing on this motion is hereby **VACATED**.

## STATEMENT

Plaintiff Angela Allen worked for defendant Dollar Tree Stores, Inc., for over three years, from May 2006 to September 2009. Plaintiff alleges that during this time she had a sexual relationship with her boss for a period of nearly one year. After this relationship ended in August 2008, plaintiff alleges that defendant created a hostile work environment in which plaintiff was sexually harassed as a result of the termination of her relationship with her boss. Plaintiff further alleges that she was ultimately wrongfully terminated.

Plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing on June 21, 2010. Plaintiff subsequently initiated the instant action in state court in July 2010 and defendant removed. Defendant filed the instant motion to dismiss and plaintiff filed a timely opposition to defendant's motion.

## ANALYSIS

The complaint sets forth six claims: (1) violations of California Government Code Sections 12920, 12921, and 12940 *et seq.*; (2) harassment violations of California Government Code Sections 12940 *et seq.*; (3) retaliation for prior sexual harassment complaint; (4) breach of implied in fact contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) wrongful termination. As explained in the analysis below, the motion to dismiss is **GRANTED**.

### 1. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal without leave to amend is only appropriate when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). With these legal standards set forth, this order turns to the six claims in the complaint.

### 2. STATUTE OF LIMITATIONS

Defendant argues that plaintiff's claims against defendant are time-barred under the California Fair Employment and Housing Act. FEHA requires an employee to file a charge with the Department of Fair Employment and Housing within one year after the allegedly unlawful conduct occurs. Cal. Gov't Code § 12960. Plaintiff, however, filed her administrative complaint

2

on June 21, 2010, nearly two years after her relationship with her boss ended. Moreover, defendant cites *National Railroad Passenger Corporation v. Morgan*, to support the argument that there is no basis in this action for application of the continuing violations doctrine, which would potentially allow plaintiff more time to file her claims. 536 U.S. 101, 105 (2002).

Plaintiff does not rebut or address these arguments in her opposition. In fact, plaintiff fails to cite a single legal authority in response to defendant's motion to dismiss. In addition, plaintiff's complaint does contain enough details to determine that plaintiff's claims are not time-barred. Instead, plaintiff asserts legal conclusions that are not plausible enough to survive a motion to dismiss. For these reasons, defendant's motion to dismiss plaintiff's first three claims relating to sexual harassment and retaliation is **GRANTED**.

### 3.   WRONGFUL TERMINATION CLAIMS

Plaintiff's fourth, fifth, and sixth claims relate to her allegation that she was wrongfully terminated. Defendant moves to dismiss these claims on the ground that the complaint does not allege sufficient facts and instead relies on legal conclusions. This order agrees.

Plaintiff has not provided any evidence of the existence of an implied-in-fact promise or contract with defendant that rebuts the presumption of "at-will" employment. Defendant cites numerous legal decisions supporting the notion that in order to plausibly state a claim for breach of contract or wrongful termination, plaintiff must, at the very least, allege in her complaint sufficient facts to rebut this presumption or to demonstrate the existence of such a contract. *See, e.g., Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 336 (2000). Again, however, plaintiff does not address these arguments in her opposition and fails to cite a single legal authority in response to defendant's motion to dismiss. Instead, plaintiff asserts legal conclusions that are not plausible enough to survive a motion to dismiss.

Defendant's motion to dismiss plaintiff's fourth, fifth, and sixth claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination is **GRANTED**.

3

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the complaint is **GRANTED** and all claims asserted by plaintiff are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. If no motion is filed by the deadline, this case will be dismissed.

The motion should clearly explain how the amendments to the complaint address the problems with plaintiff's claims identified in this order. Specifically, plaintiff is encouraged to avoid asserting legal conclusions and instead provide detailed facts plausible enough to support the claims alleged in her complaint. Plaintiff is also encouraged to cite to legal authority to support her claims.

The December 16 hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

## Gibson, Shannon M.

**From:** Vandall, Matt
**Sent:** Thursday, December 09, 2010 4:16 PM
**To:** Michael C. Cohen Esq. (mcohen@cohenlegalfirm.com)
**Cc:** Gibson, Shannon M.
**Subject:** Allen v. Dollar Tree: Dismissal Order

Michael,

Further to our discussion this afternoon, I write to request that you stipulate to two changes to the Court's 12/8/10 Order Granting Motion to Dismiss and Vacating Hearing. The first change is at page 3, line 7. The text should read: "plaintiff's complaint does not contain enough details". Second, the Conclusion section refers to each claim being dismissed without prejudice. It also states that the case will be dismissed if Plaintiff does not timely file a motion for leave to amend. Defendant believes that page 4, line 7 should say "dismissed with prejudice." Will you stipulate to these two changes? If not, Defendant will file an administrative request for relief to clarify these two points.

Regards,

**Matt Vandall,** Shareholder
415.677.4060 direct    415.225.3014 mobile    415.707.2181 fax    mvandall@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

12/16/2010

# EXHIBIT 3

## Gibson, Shannon M.

**From:** Gibson, Shannon M.
**Sent:** Wednesday, December 15, 2010 5:32 PM
**To:** 'mcohen@cohenlegalfirm.com'
**Cc:** Vandall, Matt
**Subject:** Allen v. Dollar Tree Stores - Case No. 3:10-cv-04492-WHA

Counsel:

I am writing to follow up with respect to Mr. Vandall's email dated Thursday, December 9 re the Court's Dismissal Order, and our brief telephone conversation yesterday. We have requested that you stipulate to two changes to that Order. As Mr. Vandall noted, the first change is at page 3, line 7. The text should read: "plaintiff's complaint does *not* contain enough details." (emphasis added) Second, the Conclusion section refers to each claim being dismissed without prejudice. It also states that the case will be dismissed if Plaintiff does not timely file a motion for leave to amend. Defendant believes that page 4, line 7 should say "this case will be dismissed *with prejudice*." (emphasis added)

Please let me know by close of business tomorrow and *in writing*, if you will stipulate to these changes. Defendant intends to file a Motion for Administrative Relief requesting that the changes outlined above be made to the Order. Under Local Rule 7-11, we are required to include either a stipulation reflecting that the parties agree to the changes or a declaration that explains why a stipulation could not be obtained.

Please feel free to call me should you have any questions. Thank you for your anticipated cooperation.

Regards,

**Shannon M. Gibson,** Associate
415.276.2509 direct   SGibson@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

12/16/2010