MAUREEN E. MCCLAIN, Bar No. 062050
MATTHEW P. VANDALL, Bar No. 196962
SHANNON M. GIBSON, Bar No. 256634
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:     415.399.8490
Email:         mmcclain@littler.com
               mvandall@littler.com
               sgibson@littler.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELA ALLEN,<br><br>            Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., aka,<br>DOLLAR TREE STORES, DOES 1 to 10,<br><br>            Defendant. | Case No.  3:10-CV-04492 WHA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing Date:  January 27, 2011<br>Time: 8:00 a.m.<br>Dept.  Courtroom 9<br>Judge:  Hon. William Alsup<br><br>Complaint Filed:  July 28, 2010 |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND

Case No. 3:10-cv-04492 JWA

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ........................................................................................................ 1

    A.  Procedural History And Pleading Instructions Contained In The Dismissal Order .................................................................................................... 2

    B.  The Allegations of the Proposed Amended Complaint ............................... 3

II.  ARGUMENT ............................................................................................................. 6

    A.  Legal Standards For Motions For Leave To Amend .................................... 6

    B.  The Court Should Deny Plaintiff's Motion For Leave To Amend Because The Proposed Amended Complaint Is Futile Insofar As The Asserted Claims Remain Subject To Dismissal ......................................................................... 6

        1.  Plaintiff's FEHA-Based Claims for Relief Are Futile Because They Are Time-Barred ......................................................................... 7

            a.  Plaintiff's First Cause Of Action For Retaliation Is Premised Upon Stale Conduct And Conclusory Allegations Of Retaliatory Animus .......................................................... 7

            b.  Plaintiff's Proposed Harassment Claim Fails To The Extent It Remains Premised Upon Time-Barred Conduct.................................. 10

            c.  Plaintiff's Second Cause Of Action For Failure To Prevent Harassment And Retaliation Is Also Premised Upon Stale Conduct .......................................................................... 11

            d.  Plaintiff's Reliance Upon *Romano v. Rockwell International, Inc.* Is Misplaced .................................................... 11

            e.  The Continuing Violations Doctrine Does Not Apply to Plaintiff's Time-Barred Claims Because The Acts Plaintiff Has Identified Are Separate and Discrete .................................. 12

        2.  Leave To Amend Should Be Denied Because The Proposed Amendments To Plaintiff's Harassment Cause Of Action Are Futile.......... 15

            a.  Plaintiff's Proposed Harassment Claim Fails To The Extent It Remains Premised Upon Conduct Which Is Not Protected By The FEHA .......................................................................... 15

            b.  The Proposed Amendments to Plaintiff's Third Cause Of Action For Sexual Harassment (Hostile Work Environment) Do Not State A Claim For Actionable Harassment Under The FEHA .............................................................................. 16

        3.  Leave To Amend Plaintiff's Second Cause Of Action Should Be Denied Because the Proposed Amendments Are Futile ............................. 21

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND

i.

Case No. 3:10-cv-04492 JWA

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

4.    Leave To Amend Should Be Denied With Respect To Plaintiff's Fourth Cause Of Action For Wrongful Termination In Violation Of Public Policy On Futility Grounds.............................................................. 22

5.    Plaintiff's Fifth and Sixth Causes Of Action Remain Subject To Dismissal On Futility Grounds ...................................................... 24

III.    CONCLUSION.............................................................................................................. 25

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND

ii.

Case No. 3:10-cv-04492 JWA

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Akers v. County of San Diego,*
95 Cal. App. 4th 1441 (2002) ............................................................. 8, 18

*Arteaga v. Brink's, Inc.,*
163 Cal. App.4th 327 (2008) .................................................................. 9

*Aschcroft v. Iqbal,*
129 S. Ct. 1937 (2009)............................................................................ 1

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................................ 1

*Birschtein v. New United Motor Mfg., Inc.,*
92 Cal. App. 4th 994, 112 Cal. Rptr. 2d 347 (2001)....................... 13, 18

*Bonin v. Calderon,*
59 F.3d 815 (9th Cir. 1995) ............................................................... 6, 18

*Epstein v. Wash. Energy Co.,*
83 F.3d 1136 (9th Cir. 1996) ................................................................ 16

*FDIC v. Conner,*
20 F3d 1376 (5th Cir. 1994) ................................................................... 6

*Fisher v. San Pedro Pen. Hosp.,*
214, Cal. App. 3d 590 (1989) ........................................................... 15, 19

*Foley v. Interactive Data Corp.,*
47 Cal. 3d 654 (1988) ........................................................................... 24

*Gilliam v. Napa Cnty.,*
2002 U.S. Dist. LEXIS 15449 (N.D. Cal. Aug. 8, 2002)...................... 13

*Green v. Ralee Eng'g Co.,*
19 Cal. 4th 66 (1998) ............................................................................ 22

*Guerrero v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 96261, *13 (C.D. Cal. Sept. 14, 2010) ........... 24

*Guz v. Bechtel Nat'l, Inc.,*
24 Cal. 4th 317 (2000) .......................................................................... 24

*Haberman v. Cengage Learning, Inc.,*
180 Cal. App. 4th 365 (2009) ............................................................... 21

*Janken v. GM Hughes Elecs.,*
46 Cal. App. 4th 55 (1996) ....................................................... 16, 17, 18

*Marsu, B.V. v. Walt Disney Co.,*
185 F.3d 932 (9th Cir. 1999) ................................................................ 24

*Mir v. Fosburg,*
646 F.2d 342 (9th Cir. 1980) .................................................................. 6

*Mixon v. DFEH,*
192 Cal. App. 3d 1306 (1987) .............................................................. 23

*Mokler v. County of Orange,*

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

157 Cal. App. 4th 121, 144 (2007) ........................................................................ 21

*Moore v. Kayport Package Express, Inc.,*
885 F.2d 531 (9th Cir. 1989) ............................................................................... 6

*Morgan v. Regents of Univ. of Cal.,*
88 Cal. App. 4th 52 (2000) ................................................................................ 14

*National R.R. Passenger Corp. v. Morgan,*
536 U.S. 101 (2002) ........................................................................................... 12

*Richards v. CH2M Hill, Inc.,*
26 Cal. 4th 798 (2001) ....................................................................................... 12

*Roby v. McKesson Corp.,*
47 Cal. 4th 686 (2009) ....................................................................................... 17

*Romano v. Rockwell Int'l, Inc.,*
14 Cal. 4th 479 (1996) ....................................................................................... 12

*Saindon v. Federal Express Corp.,*
2003 U.S. Dist. LEXIS 5861, *10 (N.D. Cal. 2003) ......................................... 12

*Saul v. United States,*
928 F.2d 829 (9th Cir. 1991) ............................................................................... 6

*Swenson v. Potter,*
271 F.3d 1184 (9th Cir. 2001) ........................................................................... 22

*Trujillo v. North Co. Transit Dist.,*
63 Cal. App. 4th 280 (1998) .............................................................................. 21

*Ward v. Caulk,*
650 F.2d 1144 (9th Cir. 1981) ........................................................................... 13

*Wysinger v. Automobile Club of S. California,*
157 Cal. App. 4th 413 (2007) .............................................................................. 8

**STATUTES**

2 Cal. Code Reg. § 7287.6(b)(1) ............................................................................... 17

Cal. Gov't Code §§ 12920 and 12921 ............................................................... 2, 22

Cal. Gov't Code § 12940 *et seq.* ...................................................................... 2, 3, 11

Cal. Govt. Code § 12960(d) ...................................................................................... 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                                          iv.                          Case No. 3:10-cv-04492 JWA

1  **I.       INTRODUCTION**

2          Plaintiff's motion for leave to amend her complaint should be denied because her proposed

3  amended complaint (the "PAC") suffers from the same pleading deficiencies identified by the Court

4  in its December 8, 2010 Order Granting Dollar Tree's Motion to Dismiss (the "Dismissal Order").

5  Namely, the PAC continues to assert claims arising under California's Fair Employment and

6  Housing Act (the "FEHA") which are time barred to the extent that they are based upon Plaintiff's

7  sexual relationship with her former supervisor, Jaime Wells, which concluded in August 2008 –

8  nearly two years before Plaintiff first pursued her administrative remedies with the Department of

9  Fair Employment and Housing (the "DFEH").  Further, the PAC continues to allege three wrongful

10 termination theories of recovery against Dollar Tree that are based upon nothing more than

11 conclusory or contradictory recitations of law and fact which fail to give rise to a plausible

12 entitlement to relief.  *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009); *Bell Atlantic Corp.*

13 *v. Twombly*, 550 U.S. 544, 555 (2007).

14         The Court's Dismissal Order provided Plaintiff with clear instructions concerning the

15 amendments Plaintiff now submits for this Court's review.  For example, the Court encouraged

16 Plaintiff to avoid asserting legal conclusions and to instead provide detailed factual allegations

17 plausible enough to support her asserted claims.  The Court also encouraged Plaintiff to provide

18 legal authority for the novel theories of recovery she now attempts to assert, including her claim that

19 California employers may be found liable under the FEHA for sex harassment based upon one

20 supervisor's alleged jealousy of another's supervisor's sexual relationship with a subordinate

21 employee.  Instead, Plaintiff proposes to file a longer, rambling version of her initial Complaint

22 which includes no new material allegations of misconduct by Dollar Tree during the FEHA

23 limitations period and which fails to identify anything more than conclusory policy references in

24 support of Plaintiff's wrongful termination theories of recovery.  Moreover, Plaintiff's motion for

25 leave to amend does not provide any legal authority in support of her sex harassment claim.  Despite

26 a comprehensive search, Defendant is aware of no such supporting authority.

27         Because the PAC is premised upon proposed causes of action which remain subject to

28 dismissal, the Court should conclude that the proposed amendments are futile and, hence, deny

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                                          1                                    **Case No. 3:10-cv-04492 JWA**

1    Plaintiff's motion for leave to amend her Complaint.  Further, because the Court provided Plaintiff

2    with explicit instructions with respect to her proposed pleading, Plaintiff's motion should be denied

3    without providing her any additional opportunity to amend her initial complaint.

4           **A.      Procedural History And Pleading Instructions Contained In The Dismissal
                      Order.**

5

6           Plaintiff filed her initial Complaint in the Alameda County Superior Court on July 28, 2010.

7    That pleading asserted six separate claims for relief against Dollar Tree: (1) violations of California

8    Government Code Sections 12920, 12921, and 12940 *et seq.;* (2) harassment violations of California

9    Government Code Sections 12940 *et seq.*; (3) retaliation for prior sexual harassment complaint;

10   (4) breach of implied in fact contract; (5) breach of the implied covenant of good faith and fair

11   dealing; and (6) wrongful termination.  (Dkt.# 20 (Dismissal Order), p. 2:6-10.)  Defendant filed a

12   notice of removal on diversity grounds on October 5, 2010 and the case was thereafter assigned to

13   this Court.  On November 9, 2010, Defendant moved to dismiss the Complaint on numerous

14   grounds, including that the various causes of action asserted therein were barred by the statute of

15   limitations applicable to FEHA claims and that the remaining claims were not sufficiently pled to

16   give rise to a plausible inference that Plaintiff is entitled to relief from Dollar Tree under the

17   heightened pleading standards required by *Iqbal*.  (*See* Dkt.# 16 (*Errata* Motion to Dismiss).)

18   Plaintiff opposed that motion on November 19, 2010.  (Dkt.#18.)

19          On December 8, 2010, this Court agreed with Dollar Tree and dismissed without prejudice

20   each of Plaintiff's six claims.  (Dismissal Order, p. 4.)  The Dismissal Order made several findings

21   relevant to Plaintiff's request for leave to amend her Complaint.  First, the Court noted that

22   Plaintiff's first three FEHA-based claims relating to sexual harassment and retaliation for

23   complaining about sexual harassment were time barred because Plaintiff "filed her administrative

24   complaint on June 21, 2010, nearly two years after her relationship with her boss ended."  (Dismissal

25   Order, p. 2:25-3:10.)  Second, the Court found that Plaintiff's fourth, fifth and sixth causes of action

26   for wrongful termination were based "upon legal conclusions" which were "not plausible enough to

27   survive a motion to dismiss."  (*Id.*, p. 3:12-25.)

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                    2.                    **Case No. 3:10-cv-04492 JWA**

1    The Court did not allow Plaintiff to file an amended pleading and instead ordered Plaintiff to

2    file a motion for leave to amend her Complaint.  (Dismissal Order, p. 4:3-5.)  The Court instructed

3    Plaintiff that her "motion should clearly explain how the amendments to the complaint address the

4    problems with plaintiff's claims identified in this order."  (Dismissal Order, p. 4:8-9.)  The Court

5    also encouraged Plaintiff to "avoid asserting legal conclusions and instead provide detailed facts

6    plausible enough to support the claims alleged in her complaint" and to "cite legal authority to

7    support her claims."  (*Id.*, p. 4:8-12.)  Plaintiff submitted her motion for leave to amend on

8    December 21, 2010 which included the PAC she now seeks to file.  (Dkt.# 25.)

9         **B.    The Allegations of the Proposed Amended Complaint.**

10    The PAC purports to assert six separate claims for relief against Dollar Tree:  (1) Retaliation

11    For Prior Sexual Harassment Complaint And Or Participation In Complaint Investigation Against

12    Dollar Tree Stores, Inc. In Violation of California Government Code Section 12940 (PAC, ¶¶ 1-64);

13    (2) Failure To Take All Reasonable Action To Stop Harassment, Or Retaliation From Occurring In

14    Violation of California Government Code § 12940(k) (PAC, ¶¶ 65-66); (3) Sexual Harassment And

15    Hostile Work Environment In Violation Of California Government Code § 12940(j) (PAC, ¶¶ 67-

16    76); (4) Wrongful Termination In Violation Of Public Policy (PAC, ¶¶ 77-80); (5) Breach Of

17    Implied In Fact Contract (PAC, ¶¶ 81-89); and (6) Breach Of The Implied Covenant Of Good Faith

18    and Fair Dealing (PAC, ¶¶ 90-92).

19    Plaintiff continues to allege that her sexual relationship with Wells ended in August 2008[1]

20    (PAC, ¶ 22) and that Store Manager Mary Flagler ("Flagler") "harassed" her "because of her prior

21    sexual relationship with Wells."  (PAC, ¶ 25.)  The PAC does not, however, identify any sexual

22    comments or conduct occurring after Plaintiff's consensual sexual affair with Wells ended in August

23    2008.  (*See* PAC, ¶¶ 23-64.)  Nor does the PAC include any allegations that would suggest that

24    Plaintiff's sexual relationship with Wells was unwelcome.  (*Id.*, ¶¶ 12-64.)  (Indeed, Plaintiff has

25    stipulated that her sexual relationship with Wells was at all times consensual.  (Joint CMC

26

27    _____

28    [1] Plaintiff agrees that her "sexual relationship with Wells was at all times consensual."  (Dkt.#32
(1/6/11, Joint Case Management Conference Statement), ¶ 15.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                                    3.                          **Case No. 3:10-cv-04492 JWA**

1   Statement, ¶ 15).)   Plaintiff now contends, however, that she complained to Dollar Tree about

2   Flagler's harassing conduct on three occasions.

3        Plaintiff alleges that she first complained about Flagler to Wells (her purported sex harasser)

4   in October 2008 — just two months after Plaintiff's sexual affair with Wells ended.  (PAC, ¶ 25.)

5   Plaintiff claims that Wells "told Plaintiff to take her complaint to Rosalyn [Hammond]" a Dollar

6   Tree marketing manager,[2] who instructed Wells to meet with Plaintiff and Flagler about Plaintiff's

7   complaint.  (PAC, ¶ 28.)  Plaintiff alleges that she did meet with Wells and Flagler per Hammond's

8   instruction and that "[a]s a result of the meeting it was decided that plaintiff and Flagler would try to

9   work as a team and put behind them any differences they had."  (PAC, ¶ 29.)

10       Plaintiff alleges that Flagler's harassing conduct resumed in January 2009. (PAC, ¶ 32.)  The

11   PAC now alleges that Flagler "would become very belligerent toward plaintiff and curse and yell at

12   plaintiff" after Wells would visit the El Cerrito store.  (*Id.*)  Plaintiff does not describe the content of

13   Flagler's alleged outbursts.  Plaintiff claims, however, that she complained about Flagler a second

14   time during March of 2009 — this time to Julian Guzman, a Dollar Tree District Manager.  (PAC,

15   ¶ 33.)  Plaintiff allegedly "told Mr. Guzman that Flagler was being belligerent toward her and

16   cursing and yelling at her because of her prior sexual relationship with Wells."  (PAC, ¶ 33.)  The

17   PAC alleges that Guzman informed Plaintiff "that the El Cerrito store was Flagler's store and Flagler

18   could do as she pleased."  (PAC, ¶ 33.)

19       The third complaint referenced in the PAC is the June 10, 2009 complaint Plaintiff made to

20   Julia Giddens, a Dollar Tree Human Resources Compliance Manager, "that Wells and plaintiff had a

21   sexual affair and that Flagler was harassing her because of her sexual relationship with Wells."

22   (PAC, ¶ 34.)  This complaint was subsequently relayed to other members of Dollar Tree's Human

23   Resources department.  (*Id.*)  The PAC continues to allege, falsely, that "[o]n or about June 28, 2009

24   Human Resources transferred plaintiff back to Dollar Tree's Oakland store in response to her sexual

25   harassment complaint."  (PAC, ¶¶ 34, 40; *see also* Mot. for Leave to Amend, p. 5:17-21 (arguing

26   that the June 2009 transfer was retaliatory).)  Plaintiff, however, agrees "that her transfer from the El

---

[2]  "Rosalyn" is a reference to Roselyn Hammond who is currently employed by Dollar Tree as a
Regional Director.  Ms. Hammond did work as a Marketing Manager for Dollar Tree prior to her
promotion to the Regional Director position.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                    4.                    Case No. 3:10-cv-04492 JWA

1   Cerrito store to the Oakland store was the result of a mutual decision and is not the subject of her

2   retaliation based theory of recovery." (Dkt.#32 (1/6/11, Joint Case Management Conference

3   Statement), ¶ 15.) The allegations concerning Plaintiff's third complaint regarding Wells and

4   Flagler are the same allegations that appeared in her initial Complaint. (*Compare* PAC, ¶ 34; *with*

5   Compl., pp. 5:16-6:1.)

6        The PAC continues to allege that, on July 1, 2009, Wells and Guzman placed a false

7   accusation in Plaintiff's personnel file "that she threatened two [Dollar Tree] employees with a

8   knife." (PAC, ¶¶ 35-39; *compare* Compl., p. 6:1-10.) The PAC now alleges, however, that Dollar

9   Tree had a no tolerance policy for workplace violence (PAC, ¶ 37) and that, on information and

10  belief, Wells and Guzman "intentionally made up the false accusation about plaintiff to harass her

11  and or to retaliate against her for her prior harassment complaint pertaining to Flag[l]er and or Wells

12  and or each of them." (PAC, ¶ 38.) Plaintiff does not allege any facts supporting her conjecture.

13       Plaintiff also alleges that her employment with Dollar Tree continued without incident at the

14  Oakland store (*e.g.*, following her June 28th transfer) until September 8, 2009. (PAC, ¶ 40; *see also*

15  Compl., p. 6:11.) On that date, while Plaintiff was cashiering, her register came up "$100.00 short."

16  (*Id.*; *see also* Compl., pp. 6:12-25.) Plaintiff continues to admit that she put $100 "into the cash

17  register to reconcile the register tape with the cash, rather than leave the store that evening with a

18  discrepancy in the cash and the cash register tape." (PAC, ¶ 40.) However, she now alleges that the

19  $100.00 was "her own money" (PAC, p. 12:8) and not money she borrowed from "one of her

20  relatives" as she claimed in her initial Complaint. (Compl., pp. 6:27-7:5.)

21       Further, Plaintiff also continues to allege that, on September 9, 2009, Oakland SM Orlando

22  Romero informed Plaintiff that Wells (now a DM), HR and Dollar Tree's Asset Protection

23  department (erroneously referred to as loss prevention) decided to terminate Plaintiff's employment.

24  (PAC, ¶ 41; *see also* Compl., p. 7:11-13.) These allegations were asserted in the initial Complaint.

25  (Compl., p. 7:5-13.) The PAC now contends, however, that Dollar Tree had a "policy and practice

26  of allowing Dollar Tree employees to add money to the cash receipts in order to reconcile the cash

27  register tape with the cash receipts" and that "prior to the date of the incident, plaintiff had been

28  trained by her supervisors at Dollar Tree that it was acceptable practice for Dollar Tree employees to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                          5.                          **Case No. 3:10-cv-04492 JWA**

1   add cash to the cash receipts to reconcile the cash register tape with the cash receipts, when

2   necessary."  (PAC, ¶ 42.)  Plaintiff does not identify a single Dollar Tree employee by name who

3   followed this alleged policy or indicate that Dollar Tree was aware that such training occurred and

4   thereafter ratified the practice.

5       Finally, Plaintiff now alleges that Dollar Tree had a "progressive discipline policy" and that

6   Plaintiff was "informed by her supervisor . . . that Dollar Tree would not fire her from her job,

7   except for just cause."  (PAC, ¶ 83.)  She alleges that she "was instructed by her supervisors that

8   when she wanted to give a write up she was to first give [her subordinates] a verbal warning, then

9   give them an opportunity to improve and then if their conduct did not improve then give them a

10  written warning and then give them an opportunity to improve and then if they did not improve give

11  them two more warnings before they could be terminated from the job."  (PAC, ¶ 84.)  Plaintiff

12  offers no supporting facts identifying the source of this purported policy or whether Dollar Tree

13  ratified the alleged conduct of the supervisors providing such training to Plaintiff.

14  **II.   ARGUMENT**

15     **A.    Legal Standards For Motions For Leave To Amend.**

16     A district court has broad discretion to grant or deny leave to amend.  *Mir v. Fosburg,* 646

17  F.2d 342, 347 (9th Cir. 1980).  Courts have identified various factors that alone, or in combination,

18  may justify denial of leave to amend, including (1) futility of the amendment; (2) prejudice to the

19  opposing party; (3) undue delay; bad faith or dilatory motive; and (4) repeated failure to cure

20  deficiencies by previous amendments.  *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538

21  (9th Cir. 1989).

22     **B.    The Court Should Deny Plaintiff's Motion For Leave To Amend Because The
23            Proposed Amended Complaint Is Futile Insofar As The Asserted Claims Remain
              Subject To Dismissal.**

24     Leave to amend may be denied if the proposed amendment is futile or would be subject to

25  dismissal.  *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991); *FDIC v. Conner,* 20 F3d 1376,

26  1385 (5th Cir. 1994) (amendment futile if statute of limitations has run); *see also Bonin v. Calderon*,

27  59 F.3d 815, 845 (9th Cir. 1995) (a showing of the futility of the proposed amendments can by itself

28  justify a denial of leave to amend).  Here, despite the Court's clear instruction that Plaintiff provide

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                                    6.                    Case No. 3:10-cv-04492 JWA

detailed facts plausible enough to support her asserted claims, each of the six causes of action asserted against Dollar Tree remain subject to dismissal for the reasons identified in both the Dismissal Order and Dollar Tree's initial motion to dismiss.

1.    **Plaintiff's FEHA-Based Claims for Relief Are Futile Because They Are Time-Barred.**

Plaintiff's first three claims for relief are premised upon asserted violations of the FEHA which requires an employee to file a charge with the DFEH within one year of the allegedly unlawful conduct. (Dismissal Order, p. 2:25-3:4; *see also* Cal. Govt. Code § 12960(d).) The PAC continues to allege that Plaintiff first filed her administrative charge with the DFEH on June 21, 2010. (PAC, ¶ 57.) Therefore, absent some legal justification for expanding the limitations period in this case, the cut-off date for the conduct at issue in each of Plaintiff's FEHA-based causes of action remains June 21, 2009. (Dismissal Order, p. 2:25-3:4; *see also* Cal. Govt. Code § 12960(d).) As described below, Plaintiff's first three causes of action are premised, in whole or in part, upon conduct which took place before June 21, 2009. Further, Plaintiff's motion for leave to amend fails to present any argument supporting the application of the continuing violations doctrine or to otherwise "clearly explain how the amendments to the complaint address the problems identified" in the Dismissal Order. (Dismissal Order, p. 4:8-9.) Hence, the PAC remains subject to dismissal on limitations grounds and Plaintiff's motion for leave to amend should be denied.

a.    **Plaintiff's First Cause Of Action For Retaliation Is Premised Upon Stale Conduct And Conclusory Allegations Of Retaliatory Animus.**

Not only does Plaintiff's motion for leave to amend fail to explain how the amendments cure the limitations problem, but it also argues that Plaintiff's retaliation claim is premised almost entirely upon conduct that occurred prior to June 21, 2009. First, Plaintiff argues this claim is premised in part upon her July 2007 through August 2008 sexual relationship with Wells, "who was her direct supervisor at the time the relationship began." (Mot. for Leave to Amend at p. 4:6-9.) Indeed, Plaintiff claims that Wells transferred her to the El Cerrito store location after their relationship ended "because Wells had another girlfriend who also worked at the Dollar Tree Oakland store." (*Id.*, p. 4:9-12.) Plaintiff also claims that Flagler began harassing her once she started working at the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**                     7.                     **Case No. 3:10-cv-04492 JWA**

1   El Cerrito store and that Plaintiff complained to Dollar Tree management (Wells) about such

2   harassment in "September or October 2008." (*Id.*, p. 4:20-22.)  Plaintiff claims that she complained

3   again to Dollar Tree management that Flagler was harassing her in March 2009 and on June 10,

4   2009.  (*Id.*, p. 5:8-13.)  Plaintiff alleges that Wells and Flagler knew that Plaintiff had complained to

5   Dollar Tree about sexual harassment.  (PAC, ¶¶ 46-47.)  All of this conduct occurred prior to June

6   21, 2009.

7        The only conduct referenced in the PAC which Plaintiff alleges occurred after June 21, 2009

8   is (1) a June 25, 2009 write up by Flagler "for allegedly not cleaning up behind cash register one"

9   (PAC, ¶ 53(g)); (2) the June 28, 2009 transfer from El Cerrito to Oakland (PAC, ¶ 34); (3) Wells'

10  alleged June 29, 2009 statement to Plaintiff that she "would be fired if she received any more write

11  ups" (PAC, ¶ 34; *see also* Compl., p. 5:26-6:1); (4) the July 1, 2009 placement of the allegedly false

12  accusation that Plaintiff threatened other employees with a knife at work (PAC, ¶ 35); and (5) the

13  September 9, 2009 termination decision (PAC, ¶¶ 40-41).  These allegations either do not constitute

14  actionable retaliation or they are not new allegations; hence, Plaintiff has failed to allege additional

15  facts which support a plausible entitlement to relief under a retaliation theory of recovery based upon

16  the Court's Dismissal Order.

17       First, Flagler's June 25, 2009 write up does not constitute an adverse action under California

18  law.  *Akers v. County of San Diego*, 95 Cal. App.4th 1441, 1457 (2002) (a mere oral or written

19  criticism of an employee does not meet the definition of an adverse employment action under the

20  FEHA); *see also Wysinger v. Automobile Club of S. California*, 157 Cal. App. 4th 413, 421-422

21  (2007) (minor or relatively trivial adverse actions by an employer do not suffice for a retaliation

22  claim).   Hence, this allegation should not alter the Court's view that Plaintiff has not stated a

23  retaliation claim for relief against Dollar Tree.  Second, Plaintiff admits that the June 28th transfer

24  decision is not part of her retaliation claim.  (Dkt.#32 (1/6/11, Joint Case Management Conference

25  Statement), ¶ 15.)  Third, Plaintiff's initial complaint included her renewed allegations concerning

26  Wells' alleged statement on June 29th (which also does not constitute an adverse action), the July 1

27  accusation concerning the knife incident and the September 9, 2009 termination decision.   As a

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**

8.

Case No. 3:10-cv-04492 JWA

1   result, Plaintiff has failed to introduce any new factual allegations which plausibly suggest an

2   entitlement to relief under her retaliation theory of recovery.

3       Second, the only possible, theoretical, basis for Plaintiff's retaliation theory is that the

4   September 9, 2009 termination decision was rendered in retaliation for Plaintiff's June 10, 2009

5   complaint to Julia Giddens that Plaintiff and Wells had an affair and that Flagler "was harassing her

6   because of her sexual relationship with [Wells]."   There are, however, no factual allegations in the

7   PAC which support a reasonable inference that the termination decision was the product of

8   retaliatory animus.  The proposed amendments do not supply such facts and the motion for leave to

9   amend ignores this issue altogether.

10      Here, Plaintiff fails to plead facts showing a plausible causal connection between her

11  harassment complaints and/or her participation in HR's investigation of those complaints and her

12  termination.  While Plaintiff alleges that "[Orlando] said that he had spoken to Jamie Wells, with

13  Human Resources and with loss prevention and they wanted [P]laintiff out," there are no facts tying

14  this decision to Plaintiff's complaint about Flagler's purported harassment or Plaintiff's participation

15  in Dollar Tree's investigation of that complaint.  Plaintiff, however, does allege facts which support

16  Dollar Tree's legitimate business justification for the termination decision.  Indeed, Plaintiff alleges

17  that she was terminated because her drawer was short $100 following several years of write ups for

18  various performance deficiencies and a verbal warning that she would be terminated if she received

19  any additional write ups.  Thus, a generous reading of the PAC suggest that Plaintiff's retaliation

20  claim is premised solely upon the temporal proximity between her June 2009 complaint and/or

21  participation in the investigation and her September 9th termination.   Under California law,

22  however, temporal proximity alone is insufficient to support a retaliation claim in the wake of an

23  employer's legitimate, non-retaliatory reason for the employment decision.  *Arteaga v. Brink's, Inc.*,

24  163 Cal. App.4th 327, 353-354 (2008).  The Court should therefore conclude that Plaintiff has not

25  alleged a plausible entitlement to relief under her retaliation theory of recovery.

26      Because Plaintiff failed to allege any new facts in support of her retaliation claim which

27  refute the basis of the Court's Dismissal Order and because Plaintiff's motion fails to explain how

28  the proposed amendments cure the limitations problems, the Court should rule that the proposed

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                                        9.                              Case No. 3:10-cv-04492 JWA

1   amendments are futile.  As a result, the Court should deny Plaintiff's motion for leave to amend this

2   claim.

3               **b.      Plaintiff's Proposed Harassment Claim Fails To The Extent It
                          Remains Premised Upon Time-Barred Conduct.**
4

5               Plaintiff's third cause of action purports to assert a cause of action for sex harassment (hostile

6   work environment) based upon the same stale allegations that were alleged in the initial Complaint.

7   For example, the PAC continues to allege that Plaintiff's sexual relationship with Wells ended in

8   August 2008, nearly <u>two</u> years before Plaintiff first pursued her administrative remedies.  (PAC, ¶

9   22.)  Moreover, the PAC does not include a single allegation which even arguably suggests that

10  Plaintiff was subjected to sexual comments or conduct in the workplace at any time after August

11  2008.  As a result, Plaintiff's third cause of action for sex harassment remains time-barred.[3]

12              Plaintiff's motion for leave to amend argues, however, that Plaintiff "was subjected to a long

13  series of harassing behaviors from the time she transferred to the El Cerrito store . . . in August 2008,

14  until she was transferred out in June 2009."  (Mot. Leave to Amend, p. 9:15-20.)  Plaintiff alleges

15  that she was transferred out of the El Cerrito store on June 28, 2009.  (PAC, ¶ 34.)  Therefore, the

16  only conduct that occurred during the limitations period (*e.g.*, between June 21 and June 28, 2009)

17  that is alleged in the PAC is Flagler's alleged June 25, 2009 write up "for allegedly not cleaning up

18  behind cash register one."  (PAC, ¶ 53(g).)  This conduct is not supportive of a sexual harassment

19  (hostile work environment) theory of recovery because it is not sexual in any way, nor is it based

20  upon Plaintiff's sex.  Therefore, Plaintiff has not alleged any new facts which could resurrect her

21  stale sex harassment claim against Dollar Tree.

22

23

24  _____

25  [3]  Further, Plaintiff freely admits that the sexual relationship she did have with Wells was "at all
    times" consensual in nature.  (Dkt.#32 (1/6/11, Joint Case Management Conference Statement),
26  ¶ 15.)  Hence, even if there were some allegations of sexual comments or conduct by Wells within
    the limitations period (and there is not), Plaintiff's sex harassment theory of recovery would remain
27  subject to dismissal on the ground that she has not alleged a viable cause of action for harassment
    because the alleged harassing conduct was not unwelcome.  *See* Mot. for Leave to Amend, p. 9:7-14
28  (asserting that the elements of an environmental sex harassment claim must be based upon
    "unwelcome sexual harassment").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                                10.                    **Case No. 3:10-cv-04492 JWA**

1  Because Plaintiff failed to plead any facts which occurred within the limitations period and

2  which plausibly suggest an entitlement to relief from Dollar Tree for sex harassment, her motion for

3  leave to amend her third cause of action should be denied.

4      **c.  Plaintiff's Second Cause Of Action For Failure To Prevent Harassment And Retaliation Is Also Premised Upon Stale Conduct.**

5

6  For similar reasons, Plaintiff's proposed second cause of action for failure to prevent

7  harassment and retaliation is also time barred to the extent it is based upon conduct that occurred

8  prior to June 21, 2009. Here, Plaintiff claims that Dollar Tree failed to take any action which would

9  have prevented the alleged harassment and retaliation from occurring. According to the allegations

10 contained in the PAC, Plaintiff knew in March 2009 that Guzman did not plan to take any action on

11 her alleged complaint concerning Flagler. Hence, Plaintiff had one year from that date in which to

12 pursue her administrative remedy. Cal. Govt. Code § 12940(d). Plaintiff's motion for leave to

13 amend offers no explanation for Plaintiff's failure to pursue this claim within the applicable

14 limitations period. Further, the conduct Plaintiff complained about on June 10, 2009 consisted of

15 Flagler's alleged harassing behavior consisting of yelling and issuing write ups and her admission to

16 HR concerning her prior sexual affair with Wells. Plaintiff, however, was transferred out of

17 Flagler's store later that month. She cannot credibly maintain that Dollar Tree's decision to separate

18 her from her alleged harasser constituted a failure to prevent harassment from recurring.

19 The Court should find that Plaintiff's proposed second cause of action is premised upon time-

20 barred allegations and is, hence, subject to dismissal. As a result, the proposed amendments are

21 futile and Plaintiff's motion for leave to amend should be denied.

22     **d.  Plaintiff's Reliance Upon *Romano v. Rockwell International, Inc.* Is Misplaced.**

23

24 The only argument Plaintiff asserts to refute the application of the one year limitations period

25 applicable to her FEHA-based claims is the erroneous argument that the "statute of limitations

26 begins to run from the time of termination – in this case, from September 9, 2009." (Dckt# 25 (Mot.

27 for Leave to Amend), p. 8:4-6 (citing *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 493 (1996)).

28 *Romano*, however, does not support Plaintiff's argument. In *Romano*, the California Supreme Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**

11.

**Case No. 3:10-cv-04492 JWA**

1    held that the Section 12960(d) limitations period begins to run on a FEHA-based <u>wrongful</u>

2    <u>termination</u> claim when the termination decision becomes effective rather than when it is announced.

3    14 Cal. 4th at 494. *Romano*, therefore, has no bearing upon discrete employment actions which

4    occur prior to termination and which are otherwise actionable under the FEHA. *National R.R.*

5    *Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (discrete acts that are time-barred "are not

6    actionable...even when they are related to acts alleged in timely filed charges."). Further, while

7    *Romano* might make Plaintiff's retaliatory discharge claim a timely allegation under the FEHA,

8    Plaintiff does not provide the requisite factual support for retaliatory animus required of such claims,

9    as described above. In addition, this Court cited *National Railroad* in the Dismissal Order and

10    instructed Plaintiff to explain why her proposed amendments cure her defects. Plaintiff's deliberate

11    refusal to address this argument should not inure to her benefit now. The Court should therefore

12    deny Plaintiff's motion for leave to amend on the ground that the PAC contains claims that are

13    subject to dismissal on limitations grounds.

14
15

        **e.**    **The Continuing Violations Doctrine Does Not Apply to Plaintiff's Time-Barred Claims Because The Acts Plaintiff Has Identified Are Separate and Discrete.**

16         Under the continuing violations doctrine, a court may consider employer conduct outside of

17    the limitations period if the conduct is sufficiently connected to the alleged unlawful conduct that

18    occurred within the limitations period. *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 801 (2001).

19    To qualify, the time-barred conduct must (1) be similar in kind to those that occurred within the

20    statutory period; (2) occur with reasonable frequency; and (3) not have acquired a degree of

21    permanence. *Id.* Discrete discriminatory acts that are time-barred "are not actionable...even when

22    they are related to acts alleged in timely filed charges." *National R.R. Passenger Corp*, 536 U.S. at

23    113. The continuing violations doctrine may apply to sexual harassment claims and discrimination

24    claims brought under the FEHA so long as they meet the criteria articulated by the courts. *Richards*,

25    26 Cal. 4th at 801 (applying the doctrine to discrimination claims); *Saindon v. Federal Express*

26    *Corp.*, 2003 U.S. Dist. LEXIS 5861, *10 (N.D. Cal. 2003) (applying the standards for the continuing

27    violations doctrine to sexual harassment claims) (citing *Birschtein v. New United Motor Mfg., Inc.*,

28    92 Cal. App. 4th 994, 112 Cal. Rptr. 2d 347 (2001)). Furthermore, "[a] continuing violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**       12.       **Case No. 3:10-cv-04492 JWA**

1  sufficient to toll a statute of limitations is occasioned by continual unlawful acts, *not by continual ill*

2  *effects from an original violation*." *Gilliam v. Napa Cnty.*, 2002 U.S. Dist. LEXIS 15449 (N.D. Cal.

3  Aug. 8, 2002) (citing *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) (emphasis added). The

4  continuing violations doctrine cannot revive Plaintiff's stale claims here for several reasons.

5       First, despite Defendant's prior briefing of the doctrine, and this Court's reliance upon it in

6  rendering the Dismissal Order, Plaintiff makes no effort to apply the doctrine to revive her stale

7  claims.  Given the Court's explicit instructions, the Court should conclude that Plaintiff concedes

8  that the doctrine does not apply to the PAC.  The Court should decline to apply the continuing

9  violations doctrine on this ground.

10      Second, the conduct that occurred outside the limitations period is not sufficiently similar to

11  the conduct that occurred within the limitations period.  To begin, the alleged sex harassment by

12  Wells (which was welcome and, hence, not harassing) occurred at the Oakland store location and

13  stopped by August 2008.  The PAC does not allege that Wells made any sexual comments to

14  Plaintiff or engaged in any sexual conduct towards Plaintiff within the limitations period and, hence,

15  assuming she had a valid harassment claim against Wells to begin with (and she did not), there is no

16  basis for reviving that stale claim now.  Moreover, Wells was not the only actor involved in the

17  employment decisions that were made after June 21, 2009.  Indeed, the PAC alleges that (a) Flagler

18  issued the write up on June 25, 2009; (b) HR, and not Wells, transferred Plaintiff from the El Cerrito

19  store to the Oakland store on June 28, 2009; (c) at the direction of HR, Wells and Guzman jointly

20  placed the note in Plaintiff's personnel file on July 1, 2009; and (d) Romero, HR, Loss Prevention

21  and Wells were all alleged participants in the termination decision.  Finally, the non-descript yelling

22  and cursing by Flagler outside the limitations period cannot logically be tied to the conduct that

23  occurred within the limitations period.  Indeed, Flagler was not an alleged participant in three of the

24  four employment decisions that occurred after June 21, 2009.  Thus, there is no factual basis for

25  tying such conduct to the employment decisions rendered during the limitations period.  These

26  incidents are unique acts carrying their own degree of finality and are separate and distinct from the

27  sort of conduct typically associated with sexual harassment.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**                    13.                    **Case No. 3:10-cv-04492 JWA**

1   Third, the only write up issued by Flagler within the limitations period was the June 25, 2009

2   write up for Plaintiff's alleged failure to clean up behind cash register number one.  That write up is

3   not logically connected to the alleged harassing write ups that Plaintiff claims Flagler issued outside

4   the limitations period because the June 25, 2009 write up was signed by "Almos[4] a person who was

5   training to become the manager of the El Cerrito store" and not by Flagler.  (PAC, ¶ 53(g).)

6   Fourth, the alleged harassing conduct by Flagler is comprised of various write-ups which

7   each obtained a degree of permanence at the time they were issued.  *See Morgan v. Regents of Univ.*

8   *of Cal.*, 88 Cal. App. 4th 52, 62-63 (2000) ("[T]he continuing violations doctrine is premised on the

9   equitable notion that the statute of limitations should not begin to run until a reasonable person

10   would be aware that his or her rights have been violated.").  Here, Plaintiff alleges that she

11   repeatedly complained to Dollar Tree about Flagler's harassing conduct outside the limitations

12   period.  Further, paragraph 72 of the PAC states that "Plaintiff, at all times herein alleged, . . . .

13   perceived the conduct of Dollar Tree, and or Flag[l]er and or Wells to be sexual harassment."

14   Hence, the continuing violations doctrine would not be available to Plaintiff because she believed

15   that Flagler and Wells' conduct, and by extension Dollar Tree's conduct, was unlawful once she

16   began working at the El Cerrito store in approximately August 2008.  This is particularly true here,

17   given that Plaintiff now alleges that Flagler "cursed and screamed" at her on a daily basis.

18   Finally, although Plaintiff identified her termination as a timely discrete act in her motion for

19   leave to amend, that act is separate and distinct from the act upon which she premises her FEHA-

20   based claims for retaliation, harassment and failure to prevent retaliation and harassment.  Without

21   engaging in conjecture, Plaintiff cannot connect any act that occurred after June 21, 2009 to her

22   consensual relationship with Wells.  As a result, the continuing violations doctrine does not apply.

23   The Court should conclude that the continuing violations doctrine does not save Plaintiff's

24   stale FEHA-based claims.  As a result, each of Plaintiff's first three causes of action remains subject

25   to dismissal on statute of limitations grounds and, hence, the proposed amendments are futile.  The

26   Court should deny Plaintiff's motion for leave to amend on this basis.

27

28   [4] "Almos" is a reference to Amos Southall, a Store Manager In Training that was working at the El Cerrito store during the month of June 2009.  (*See* PAC, ¶ 53(g).)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**      14.      **Case No. 3:10-cv-04492 JWA**

2.      **Leave To Amend Should Be Denied Because The Proposed Amendments To Plaintiff's Harassment Cause Of Action Are Futile.**

Plaintiff's third cause of action for harassment (hostile work environment) is futile because it remains subject to dismissal for two additional reasons:  (1) it is based upon conduct that is not protected by the FEHA; and (2) it is based exclusively upon personnel actions which do not support the imposition of harassment liability under California law.

a.      **Plaintiff's Proposed Harassment Claim Fails To The Extent It Remains Premised Upon Conduct Which Is Not Protected By The FEHA.**

First, the proposed harassment claim continues to assert an entitlement to relief based upon Plaintiff's "prior sexual relationship with Wells."  (PAC, pp. 5:1-3, 9:1-3, 9:10-14, 14:21-25, 20:11-15.)  Hence, Plaintiff is attempting to expand the scope of employer liability for sex harassment by pressing a jealousy claim.  Indeed, Plaintiff alleges that Flagler "harassed" Plaintiff by issuing write-ups, yelling at her and cursing in her presence because of Plaintiff's sexual relationship with Wells and/or because Flagler was allegedly having a sexual relationship with Wells.  Neither Plaintiff's association with Wells, her prior sexual relationship with Wells, nor Flagler's purported jealousy with respect to those relationships are protected by the FEHA.  *See*  Cal. Govt. Code § 12940(j)(1) (prohibiting harassment that is based upon sex, race, age, religion, color, national origin, ancestry, marital status, physical or mental disability, medical condition, or sexual orientation); *see also* Cal. Govt. Code § 12940(a) (prohibiting discrimination in the terms or conditions of employment based upon these same characteristics).  Plaintiff offers <u>no legal authority</u> for the proposition that the definition of "sex" under the FEHA should be expanded to include a supervisor's jealousy with respect to a subordinate employee's relationships and Defendant is not aware of any such authority.  As a result, the Court should not expand the scope of the FEHA based upon the proposed, stale harassment allegations contained in the PAC.

Second, Plaintiff cites *Fisher v. San Pedro Pen. Hosp.*, 214, Cal. App. 3d 590, 608 (1989), for the proposition that a required element of an environmental sex harassment claim is that "plaintiff is subject to unwelcome sexual harassment."  (Mot. for Leave to Amend, p. 9:9.)  There are no such allegations in the PAC.  Indeed, Plaintiff admits that her sexual relationship with Wells

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND                     15.                     Case No. 3:10-cv-04492 JWA

1  was "at all times" consensual.  (Dkt.#32 (1/6/11, Joint Case Management Conference Statement),

2  ¶ 15.)  Hence, the proposed amendments to her sex harassment claim are futile because they are not

3  premised upon unwelcome sexual conduct.

4      The Court should deny Plaintiff's motion for leave to amend on the ground that the proposed

5  amendments leave the PAC amenable to dismissal under Rule 12(b)(6).

**b.**      **The Proposed Amendments to Plaintiff's Third Cause Of Action For Sexual Harassment (Hostile Work Environment) Do Not State A Claim For Actionable Harassment Under The FEHA.**

**(1)**      **The Personnel Decisions Plaintiff Complains of Do Not Amount to Actionable Harassment Under The FEHA.**

10      Plaintiff bases her proposed harassment claim upon personnel decisions and certain

11  comments made by various Dollar Tree store and district managers at different points throughout her

12  employment.  Importantly, Plaintiff is not pressing a sex discrimination claim against Dollar Tree.

13  (*See* Mot. for Leave to Amend, pp. 3-9 (arguing only that Plaintiff has stated a claim for retaliation,

14  harassment and failure to prevent retaliation and harassment).)[5]  The referenced allegations,

15  however, cannot support a harassment claim as a matter of law.

16      The FEHA prohibits both sex harassment and sex discrimination.  *See* Cal. Govt. Code

17  §§ 12940(h)(1) (harassment that is based upon certain protected characteristics is unlawful);

18  12941(a) (discrimination in employment based upon certain characteristics is unlawful).  Although

19  the PAC blends these legal concepts, they represent legally and factually distinguishable claims for

20  relief and must be treated as such.  *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62-63 (1996)

21  (distinguishing harassment from discrimination as factually distinct claims for relief under the

22  FEHA).

23  _____

24  [5] The PAC does reference "discrimination."  (*See* PAC, p. 14:1-3 ("Defendant discriminated against plaintiff and or harassed plaintiff, and or retaliated against plaintiff because of her prior complaints

25  about discrimination and or harassment.").  However, this reference is conclusory and may be ignored.  *See* Dismissal Order, p. 2:18-20 ("[C]onclusory allegations of law and unwarranted

26  inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).)  Further, given the complete absence of

27  any argument that Plaintiff has properly asserted a discrimination claim in her motion for leave to amend, the Court should conclude that she did not intend to assert one.  Further still, the PAC does

28  not allege that any of the personnel actions were taken because of Plaintiff's gender or her sex. Thus, there is no valid basis for a sex discrimination claim here.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**   16.   **Case No. 3:10-cv-04492 JWA**

1      The Fair Employment and Housing Commission (the "FEHC"), which is authorized to adopt

2  and promulgate regulations to interpret and implement the FEHA, distinguishes between harassing

3  and discriminatory conduct in the work place.  According to the FEHC, harassment can be verbal,

4  physical, visual, or sexual conduct.  *See* 2 Cal. Code Reg. § 7287.6(b)(1) (defining harassment as

5  follows:  "(A) Verbal harassment, *e.g.*, epithets, derogatory comments or slurs on a basis enumerated

6  in the Act; (B) Physical harassment, *e.g.*, assault, impeding or blocking movement, or any physical

7  interference with normal work or movement, when directed at an individual on a basis enumerated in

8  the Act; (C) Visual forms of harassment, *e.g.*, derogatory posters, cartoons or drawings on a basis

9  enumerated in the Act; or (d) Sexual favors, *e.g.*, unwanted sexual advances which condition an

10  employment benefit upon an exchange of sexual favors.").  Further, the harassment regulations do

11  not abrogate an employer's "right to take reasonable disciplinary measures which do not

12  discriminate on a basis enumerated in the Act."  2 Cal. Code Reg. § 7287.6(d).  Hence, the FEHC

13  definition of harassment carves out lawful personnel decisions from the scope of harassment.

14      Similarly, *Janken* distinguishes harassing conduct from discriminatory conduct under the

15  FEHA.  Discrimination claims are founded upon business management decisions such as a

16  termination, counseling, or transfer decision.  *Janken,* 46 Cal. App. 4th at 64-65.  Harassment, by

17  contrast, is conduct engaged in for personal motives, unrelated to business decisions, and includes,

18  among other things, the various forms of verbal, physical, visual, or sexual conduct described in the

19  California regulations.  *See id.* at 62-64; *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708

20  (2009) ("[H]arassment is generally concerned with the *message* conveyed to an employee, and

21  therefore with the social environment of the workplace, whereas discrimination is concerned with

22  explicit changes in the terms or conditions of employment.").

23      Here, the allegations of the PAC do not plausibly suggest an entitlement to relief under a

24  harassment theory of recovery.  The conduct at issue consists almost entirely of personnel actions

25  taken by Dollar Tree's managers within the context of its business operations: (1) Wells' decision to

26  transfer Plaintiff from the Oakland store to the El Cerrito store in approximately August 2008;[6] (2)

27

28

---

[6] As previously described, even if this employment action were an adverse action, and it is not, it occurred outside the permissible limitations period and is time-barred.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**      17.      **Case No. 3:10-cv-04492 JWA**

1   Flagler writing Plaintiff up "for things other [unspecified] employees would not be written up for"[7];

2   (3) HR's alleged decision to transfer Plaintiff from El Cerrito to Oakland in June 2009; and (4) the

3   decision to terminate Plaintiff's employment.  (PAC, pp. 6:20-22, 9;14-18, 12:12-20, 15:9-12.)  As a

4   matter of law, such conduct does not support a harassment claim under the FEHA because they

5   describe legitimate personnel actions rather than conduct motivated by Plaintiff's sex.  *See Janken*,

6   46 Cal. App. 4th at 62-64; *see also Roby*, *supra*, 47 Cal. 4th at 708; *see also Akers v. County of San*

7   *Diego*, 95 Cal. App. 4th 1441, 1457 (2002) (a mere oral or written criticism of an employee does not

8   meet the definition of an adverse employment action under the FEHA).

9       Because Plaintiff has not identified any sex based comments or conduct that occurred during

10  the limitations period, her proposed amendments to her third cause of action are futile.  As a result,

11  the Court should deny Plaintiff's request for leave to amend her Complaint.

12                  **(2)      The PAC Does Not Provide Facts to Support a Plausible**
                              **Cause of Action for a Hostile Work Environment Theory of**
13                            **Recovery.**

14      The PAC fails to allege new facts that would enable the Court to draw a reasonable inference

15  that Plaintiff was subjected to harassing conduct based upon a protected characteristic and/or that she

16  was subjected to sexual harassment, as described above.  *Fisher*, 214 Cal. App. 3d at 609-610

17  (1989); *see also Birchstein,* 92 Cal. App. 4th at 1000 (the evidence must show that the workplace is

18  permeated with discriminatory intimidation, ridicule, and insult to constitute actionable harassment).

19  As Plaintiff still cannot demonstrate that she has suffered actionable sexual harassment or that she

20  was subjected to a hostile work environment, the proposed amendments to her harassment cause of

21  action are futile.  *Bonin*, 59 F.3d at 845.

22      The PAC re-alleges that the following harassing comments were directed towards her: (1)

23  Flagler reportedly told Plaintiff in October 2008 that Wells had informed her Plaintiff was a thief

24  who had previously stolen from Dollar Tree and that Wells wanted Plaintiff out of the Oakland store;

25  (2) Wells told Plaintiff in June 2009 that she would be fired if she received one more write-up; and

---

[7] The PAC still makes this assertion but also elaborates further on the types of incidents that led to at least some of Plaintiff's write-ups, including paper on the floor of the store, not keeping her cash register clean, and violating company policy regarding counting money.  (PAC, pp. 15:16-16:22.) However, Plaintiff has not plead any facts that claim that the write-ups were unrelated to personnel decisions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND**          18.          **Case No. 3:10-cv-04492 JWA**

1   (3) Wells and district manager Julian Guzman accused Plaintiff of pulling a knife on two Dollar Tree

2   employees during work.  (PAC, ¶¶ 17, 34, 35.)  Additionally, Plaintiff includes the following as

3   examples of further harassing comments or conduct to which she was subjected by Flagler: (1) In

4   November 2008, Flagler supposedly told her that Wells had informed store management that

5   Plaintiff was a thief and that Wells had told Flagler Plaintiff robbed the San Leandro Dollar Tree

6   store; (2) after Plaintiff's transfer from Oakland to El Cerrito, "Flagner [sic]"[8] reportedly neglected

7   to train Plaintiff on the specific job duties associated with the El Cerrito location; and (3) Flagler

8   allegedly acted in a belligerent manner towards Plaintiff and cursed and yelled at her on a daily

9   basis.  (PAC, ¶¶ 30, 53(a), 53(c).)  None of these allegations support Plaintiff's claim that she was

10   subjected to a hostile work environment.

11       First, the comments allegedly made by Wells in October and November of 2008 concerning

12   Plaintiff do not create a reasonable inference of unlawful sex harassment because they are not sexual

13   comments.  In any event, Wells made those comments to Flagler and not Plaintiff.  Moreover, the

14   comments were relayed to Plaintiff by Flagler after Plaintiff's transfer out of Wells' store.  The

15   comments can hardly be seen as creating a hostile work environment for Plaintiff at the Oakland

16   store location.  Finally, the comments were allegedly made ten months prior to Well's June 2009

17   comments concerning Plaintiff.  "[A]cts of harassment cannot be occasional, isolated, sporadic, or

18   trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a

19   generalized nature."  *Fisher,* 214 Cal. App. 3d at 610.

20       Second, Wells' alleged comment that Plaintiff would be fired if she received one more write-

21   up also does not create a reasonable inference of actionable harassment.  Plaintiff alleges that Wells

22   was a District Manager and her supervisor.  Written counseling is by definition a personnel action

23   and, as explained above, it cannot support a harassment theory of recovery.  *See Akers,* 95 Cal. App.

24   4th at 1457 (mere oral or written criticism of an employee does not meet the definition of an adverse

25   employment action under the FEHA).  There is no indication that Wells' comment was motivated by

26   Plaintiff's sex, nor does Plaintiff allege that the threat was made to induce Plaintiff to engage in

27

28   [8] The Proposed Amended Complaint uses both "Flagler" and "Flagner" as a surname for Mary
    Flagler.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                    19.                    **Case No. 3:10-cv-04492 JWA**

1   sexual conduct.  Indeed, Plaintiff's sexual affair with Wells ended approximately ten months before

2   the comment was made.

3        Third, Plaintiff's allegation that Wells and Guzman accused Plaintiff of pulling a knife on

4   two other Dollar Tree employees also lacks any indicia of an unlawful motivation.  In fact, Plaintiff

5   alleges the opposite is true by stating that they had "statements from two employees" supporting the

6   accusation.  (PAC, p. 9:22.)  Such a claim is a serious charge that would have warranted at least an

7   inquiry from management.  This is particularly true here where Plaintiff alleges that Dollar Tree had

8   a "no tolerance" policy for workplace violence.  In any event, the fact that Plaintiff denied the charge

9   does not render their investigation unlawful.  Further, Plaintiff indicates that Wells did not approach

10  her about this issue himself and instead partnered with Guzman to discuss the knife incident.  This

11  comment cannot support a harassment claim against Dollar Tree.

12       Fourth, Plaintiff's claim that Flagler neglected to train and instruct her on location-specific

13  job tasks once she was transferred to El Cerrito fails to create a reasonable inference that Flagler's

14  alleged conduct amounted to harassing conduct.  It is unclear what Plaintiff is trying to accomplish

15  by alleging that Flagler failed to train her for the El Cerrito store as Plaintiff herself claims that

16  "during the entire time [she] was employed by Dollar Tree...[she] satisfactorily performed her job

17  duties in accordance with her supervisor's instruction on how to do her job."  (PAC, ¶ 21.)  Further,

18  Plaintiff was promoted to the ASM position before she transferred to the El Cerrito store and her

19  PAC therefore fails to provide a plausible inference that Flagler was responsible for training Plaintiff

20  to begin with.  In addition, Plaintiff specifically alleges that Flagler told her that "[Flagler] knew

21  plaintiff was a good employee."  (PAC, p. 8-19.)  Plaintiff's conflicting, contradictory allegations do

22  not support a sex harassment theory of recovery against Dollar Tree.

23       Fifth, Plaintiff's claim that Flagler acted belligerently towards her and yelled at her does not

24  support her claim for sex-based harassment.  Regardless of whether this behavior actually

25  happened,[9] Plaintiff never claims that Flagler harassed her due to her sex, nor does she provide any

26  _____
    [9] Plaintiff claims that the yelling occurred on a "daily basis" (PAC, p. 15:14) during her employment
    at the El Cerrito store under Flagler's supervision, but in Paragraph 32 of the Proposed Amended
27  Complaint, Plaintiff states that Flagler "*started* harassing plaintiff *again*" in January 2009 by cursing
    and yelling at her, implying that there was a period in which the "harassment" ceased. (emphasis
28  added)  Plaintiff suggests as much in Paragraph 31 of the Proposed Amended Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                                   20.                              **Case No. 3:10-cv-04492 JWA**

1   facts that could support an inference that the belligerence and yelling supposedly directed towards

2   Plaintiff was the result of sex-based harassment.

3          Finally, even if the Court considers Flagler's comments and conduct as supportive of a sex

4   harassment theory of recovery, the alleged comments and conduct fall short of the kind of severe or

5   pervasive sexual comments required to sustain a hostile work environment action.   *See, e.g.,*

6   *Haberman v. Cengage Learning, Inc.*, 180 Cal. App. 4th 365, 386 (2009) (no hostile work

7   environment where defendant asked plaintiff how she looked so pretty so early in the morning, told

8   her on a number of occasions that various people had the "hots" for her, said that he just wanted to

9   have sex, and asked plaintiff whether she had any friends who just wanted to have sex and whether

10  she knew anyone that was good in bed); *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 144-

11  145 (2007) (no hostile work environment where alleged harasser questioned plaintiff about her

12  marital status, pulled plaintiff's body to his and questioned whether she was there to "lobby" him,

13  told plaintiff that she had nice legs and looked her up and down; demanded to know plaintiff's exact

14  home address, and rubbed against plaintiff's breast while putting his arm around her).

15         The Court should conclude that Plaintiff's proposed amendments to her sex harassment cause

16  of action are futile because they remain subject to dismissal on the above grounds.   As a result,

17  Plaintiff's request for leave to amend this claim should be denied.

18                     **3.      Leave To Amend Plaintiff's Second Cause Of Action Should Be Denied
                              Because the Proposed Amendments Are Futile.**

19

20         The PAC alleges a new cause of action for failure to investigate Plaintiff's "sexual

21  harassment complaints and or retaliation complaint," as well as failure to take reasonable action to

22  stop sexual harassment and retaliation against Plaintiff from occurring.   (PAC, 19:10-21)   Generally,

23  there can be no claim for failure to prevent discrimination or harassment without first establishing an

24  underlying, valid claim for discrimination or harassment. *Trujillo v. North Co. Transit Dist.*, 63 Cal.

25  App. 4th 280, 286 (1998).   Employees cannot independently recover for damages for an employer's

26  failure to investigate complaints of discrimination because liability is imposed based on the actual

27  discrimination or harassment complaint, not the investigation into it.   *Swenson v. Potter*, 271 F.3d

28  1184, 1198 (9th Cir. 2001).   The proposed amendment is futile because Plaintiff has not pled a

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                                          21.                          Case No. 3:10-cv-04492 JWA

1  viable claim for either discrimination or harassment and, thus, she cannot recover for an alleged

2  failure to investigate such conduct.

3  Because the proposed amendments to Plaintiff's second cause of action are futile, the Court

4  should deny Plaintiff's request for leave to amend her complaint.

5            **4.    Leave To Amend Should Be Denied With Respect To Plaintiff's Fourth
              Cause Of Action For Wrongful Termination In Violation Of Public Policy
6            On Futility Grounds.**

7  Plaintiff's proposed fourth cause of action for wrongful termination in violation of public

8  policy is also subject to dismissal.  (PAC, ¶¶ 77-80.)  In order to plead this cause of action, Plaintiff

9  must show that Dollar Tree violated a "statutory or constitutional provision" when conducting the

10  allegedly adverse employment action against her.  *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 79

11  (1998).  Plaintiff accuses Dollar Tree of violating Cal. Gov't Code §§ 12920 and 12921, which

12  prohibit sex discrimination in the workplace as a matter of public policy and of civil rights,

13  respectively.  Plaintiff claims her termination violated public policy because it was premised on

14  "[P]laintiff's sex and or sexual relationship with Wells."  (*Id.*, ¶ 80.)  While Plaintiff has identified

15  an alleged policy violation, she has not made a *prima facie* case that Dollar Tree or its managers

16  discriminated against her on the basis of her sex, rendering the proposed amendment futile.

17  First, Plaintiff's conclusory references to sex discrimination in the PAC are not entitled to an

18  assumption of truth under *Iqbal*, as described above.  There are no supporting allegations anywhere

19  in the PAC that would suggest that Plaintiff experienced disparate treatment because of her sex or

20  that the termination decision was motivated by sex discrimination.  Rather, Plaintiff specifically

21  alleges that the termination decision was retaliatory and not the product of sex discrimination.

22  Indeed, there are no allegations that, for example, younger, male employees received preferential

23  treatment at Dollar Tree.   Hence, the conclusory references to sex discrimination in the proposed

24  fourth cause of action must be set aside.  *Iqbal*, 129 S. Ct. at 1950.

25  Second, the proposed allegations do not plausibly suggest an entitlement to relief premised

26  upon a sex discrimination theory.  As described above, the employment actions which could

27  arguably support such claims are limited to the August 2008 transfer decision, Flagler's write-ups,

28  the June 2009 transfer decision, and the termination decision.  The PAC, however, does not allege

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND**                                22.                    **Case No. 3:10-cv-04492 JWA**

1  that these decisions were made by Dollar Tree *because of* Plaintiff's sex.  As a result, they fail to

2  state a valid discrimination theory of recovery against Dollar Tree.  *See Mixon v. DFEH*, 192 Cal.

3  App. 3d 1306, 1317 (1987) (noting that an employee must show that the employer harbored a

4  discriminatory intent in order to assert a discrimination claim under either the FEHA or Title VII).

5  Hence, Plaintiff's conclusory allegation that Dollar Tree violated California's policy prohibition

6  against sex discrimination is insupportable.

7        Further, the Court can deny leave to amend here because the PAC remains subject to

8  dismissal insofar as it alleges a lawful motivation for the employment conduct at issue.  Indeed,

9  Plaintiff alleges that Wells transferred her to El Cerrito "to avoid conflict between plaintiff and one

10  of his [Wells'] other girlfriends who worked at the Oakland store."  (Compl., p. 4:21-24.)  Similarly,

11  Plaintiff alleges that Flagler wrote her up not because of her sex, but because of her sexual

12  relationship with Wells, or Flagler's jealousy concerning such relationship.  Because the write-ups

13  were, at best, motivated by jealousy and not a characteristic protected by the FEHA, they do not

14  support an inference of sex discrimination under the FEHA.  Similarly, Plaintiff's agreement that her

15  transfer from El Cerrito to Oakland was not retaliatory significantly undercuts any possible inference

16  that such transfer was actually the product of sex discrimination.  In addition, the PAC continues to

17  allege that the decision to terminate Plaintiff's employment was the product of a consensus between

18  Romero, Wells, HR, and Asset Protection.  And, the decision followed Plaintiff's admitted cash

19  shortfall and her own choice to "borrow" money from a relative to cover the shortfall.  These

20  allegations, on their face, provide support for the termination decision; they do not create an

21  inference of unlawful sex discrimination.

22        There simply are no factual allegations supporting Plaintiff's conclusory statement that

23  Dollar Tree violated California's prohibition against sex discrimination in the workplace.  The Court

24  may therefore disregard such conclusory references and find that the PAC remains subject to

25  dismissal.  Accordingly, the Court may deny Plaintiff's request for leave to amend her fourth cause

26  of action.

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE
TO AMEND                          23.          Case No. 3:10-cv-04492 JWA

5. **Plaintiff's Fifth and Sixth Causes Of Action Remain Subject To Dismissal On Futility Grounds.**

Plaintiff's fifth and sixth causes of action alleging breach of an implied-in-fact contract and breach of the covenant of good faith and fair dealing also remain subject to dismissal under the *Iqbal* pleading requirements.

Absent an express agreement stating that employment is "at-will," an employee may rebut the statutory presumption of at-will employment by proving the existence of an implied-in-fact promise or contract not to discharge without good cause. Such a contract may be proved by a course of conduct, including oral representations. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 336-337 (2000); *see also Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 680 (1988) (other factors attesting to the existence of an implied-in-fact contract include personnel policies or practices of the employer and actions or communications by the employer reflecting assurances of continued employment).

As a corollary to an implied-in-fact contract, an employee may also claim that an employer breached the implied covenant of good faith and fair dealing. *See Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th Cir. 1999) (citations omitted) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). However, Plaintiff must show that a contractual relationship exists in order to have a viable claim for alleged breach of the good faith covenant. *Foley*, 47 Cal. 3d at 683-684 (noting that the implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation); *see also Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *13 (C.D. Cal. Sept. 14, 2010) (breach of the good faith covenant requires that plaintiff show the existence of a contract).

Here, the PAC provides insufficient factual support to establish an implied-in-fact contract. Plaintiff bases her fifth claim for relief upon her belief that "Dollar Tree [had] a progressive discipline policy and that Dollar Tree would not fire her from her job, except for just cause." (PAC, p. 23:2-6, 18-24.) The PAC, however, alleges that Flagler gave Plaintiff numerous write ups during her employment, that Wells counseled Plaintiff that she would be terminated if she received any additional write ups, and that Plaintiff admitted being short $100 in her cash register on September 8, 2009. (PAC, ¶¶ 53(b), (d)-(h), p. 12:1-7.) Hence, the PAC actually alleges that Dollar Tree

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S OPP'N TO PL'S MOT. FOR LEAVE TO AMEND

24.

Case No. 3:10-cv-04492 JWA

complied with the alleged progressive discipline policy prior to terminating her employment for reasons which, on their face, establish good cause.  First, two employees approached management and accused Plaintiff of threatening them with a knife.  (PAC, ¶ 35.)  Further, Plaintiff's failure to show that she had an implied-in-fact employment contract with Dollar Tree undermines her contention that Dollar Tree breached the covenant of good faith and fair dealing it supposedly owed her.

Because Plaintiff's fifth and sixth claims for relief remain subject to dismissal, the Court may find that the proposed amendments to those counts are futile and deny Plaintiff's motion for leave to amend her initial Complaint.

## III.  CONCLUSION

For each of the above reasons, Defendant respectfully requests that the Court deny Plaintiff leave to amend her complaint on the ground that she has not identified any new facts which serve to revive her stale FEHA-based claims and on the ground that her wrongful termination theories of recovery remain impermissibly premised upon conclusory allegations that do not support a plausible inference that Plaintiff is entitled to relief from Dollar Tree in connection with termination of her employment.

Dated: January 6, 2011

/s/ Matthew P. Vandall
MATTHEW P. VANDALL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DOLLAR TREE STORES, INC.

Firmwide:99454972.3 061603.1017

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940