United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANGELA ALLEN,

    Plaintiff,

  v.

DOLLAR TREE STORES, INC., also
known as DOLLAR TREE STORES,

    Defendant.
                                        /

No. C 10-4492 WHA

**ORDER DENYING MOTION
FOR LEAVE TO FILE
AMENDED COMPLAINT
AND DISMISSING ACTION**

        Plaintiff Angela Allen moves for leave to file an amended complaint. Her original complaint was dismissed by prior order.

        The original complaint set forth six claims: (1) violations of California Government Code Sections 12920, 12921, and 12940 *et seq.*; (2) harassment violations of California Government Code Sections 12940 *et seq.*; (3) retaliation for prior sexual harassment complaint; (4) breach of implied in fact contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) wrongful termination. The original complaint was dismissed on December 8, 2010 (Dkt. No. 20). The order granting defendant's motion to dismiss stated the following rationale:

        **2.    STATUTE OF LIMITATIONS**

> Defendant argues that plaintiff's claims against defendant are time-barred under the California Fair Employment and Housing Act. FEHA requires an employee to file a charge with the Department of Fair Employment and Housing within one year after the allegedly unlawful conduct occurs. Cal. Gov't Code § 12960. Plaintiff, however, filed her administrative complaint on June 21, 2010, nearly two years after her relationship with her boss ended. Moreover, defendant cites *National Railroad Passenger Corporation v. Morgan*, to support the

> argument that there is no basis in this action for application of the continuing violations doctrine, which would potentially allow plaintiff more time to file her claims. 536 U.S. 101, 105 (2002).
> Plaintiff does not rebut or address these arguments in her opposition. In fact, plaintiff fails to cite a single legal authority in response to defendant's motion to dismiss. In addition, plaintiff's complaint does [not] contain enough details to determine that plaintiff's claims are not time-barred. Instead, plaintiff asserts legal conclusions that are not plausible enough to survive a motion to dismiss. . . .
>
> **3.   WRONGFUL TERMINATION CLAIMS**
>
> Plaintiff's fourth, fifth, and sixth claims relate to her allegation that she was wrongfully terminated. Defendant moves to dismiss these claims on the ground that the complaint does not allege sufficient facts and instead relies on legal conclusions. This order agrees.
> Plaintiff has not provided any evidence of the existence of an implied-in-fact promise or contract with defendant that rebuts the presumption of "at-will" employment. Defendant cites numerous legal decisions supporting the notion that in order to plausibly state a claim for breach of contract or wrongful termination, plaintiff must, at the very least, allege in her complaint sufficient facts to rebut this presumption or to demonstrate the existence of such a contract. *See, e.g.*, *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 336 (2000). Again, however, plaintiff does not address these arguments in her opposition and fails to cite a single legal authority in response to defendant's motion to dismiss. Instead, plaintiff asserts legal conclusions that are not plausible enough to survive a motion to dismiss. . . .

Plaintiff was granted leave to move to file an amended complaint. But she was warned that she must: "clearly explain how the amendments to the [proposed] complaint address the problems with plaintiff's claims identified in this order" (*ibid.*).

Plaintiff's motion for leave to file an amended complaint appends a proposed complaint. It asserts six claims: (1) retaliation in violation of California Government Code Section 12940; (2) failure to stop harassment in violation of California Government Code Section 12940(K); (3) sexual harassment and hostile work environment in violation of California Government Code Section 12940(j); (4) wrongful termination in violation of public policy and California Government Code Sections 12920–21; (5) breach of implied in fact contract; and (6) breach of the implied covenant of good faith and fair dealing. These are the same claims as in the original complaint (listed above), simply reordered and with titles slightly changed.

Leave to amend a deficient complaint should be freely given when justice so requires, but leave may be denied if amendment of the complaint would be futile. Fed. R. Civ. P. 15(a)(2); *Gordon v. City of Oakland*, — F.3d —, No. 09-16167, 2010 WL 4673695, at *2 (9th Cir. Nov. 19, 2010). Here, amendment of the complaint would be futile, as plaintiff has not addressed

the two major roadblocks identified above, namely, (1) that her claims are time-barred because she filed her administrative complaint on June 21, 2010, nearly two years after her relationship with her boss ended; and (2) that her wrongful termination claims are barred because she has not alleged any facts of the existence of an implied-in-fact promise or contract with defendant that rebuts the presumption of "at-will" employment.  The order granting defendant's motion to dismiss specifically instructed plaintiff to address these points in the instant motion, and she has failed to do so.

The only exception is the following paragraph in plaintiff's motion:

> Contrary to defendant's contention, this action is not time-barred.  The administrative cause of action must accrue and the statute of limitations begins to run from the time of actual termination — in this case, from September 9, 2009.  Therefore, plaintiff timely filed her administrative action.

(Br. 8.)  Plaintiff cites *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 493 (1996), at the end of this excerpt.  *Romano* held that the date of discharge is the relevant date for purposes of application of the statute of limitations in the context of a *wrongful termination* claim.  This does not help plaintiff overcome the effect of applying the statute of limitations to her retaliation and harassment claims, which — as held by prior order — bars those claims.  Plaintiff does not address this discrepancy and, moreover, nowhere even touches the problem of rebutting the presumption of at-will employment.  Her new proposed complaint is again filled with legal conclusions as to the termination claims.

Plaintiff's proposed complaint adds some allegations and is somewhat reorganized, but it fails to remedy the flaws identified in the order granting defendant's motion to dismiss the original complaint.  As stated, leave to amend should be freely given, except that plaintiff has failed to demonstrate in her motion how her new complaint addresses the identified grounds for dismissal.  As such, granting leave to file an amended complaint would be futile, because the proposed complaint is equally subject to dismissal.

Accordingly, plaintiff's motion for leave to file an amended complaint is **DENIED**.

3

Judgment will be entered in favor of defendant and against plaintiff.  The hearing scheduled for January 27, 2011, on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 20, 2011. 

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4