IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>DOLLAR TREE STORES, INC., aka,<br>DOLLAR TREE STORES, DOES 1 to 10,<br><br>    Defendant.<br> _____ / | No. C 10-04492 WHA<br><br>**ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR ATTORNEY'S FEES** |

### INTRODUCTION

In this sexual harassment and wrongful termination action, defendant brings the present motion for attorney's fees in the amount of $18,256. Because the underlying action was not unreasonable, frivolous, meritless or vexatious, the motion for attorney's fees is **DENIED**.

### STATEMENT

Plaintiff Angela Allen worked for Defendant Dollar Tree Stores, Inc., from May 2006 to September 2009. Plaintiff alleges that she had a sexual relationship with Jamie Wells, a district store manager, from July 2007 to August 2008. After this relationship ended, plaintiff was transferred from the Oakland store to the El Cerrito store. Plaintiff alleges that Mary Flagner, the manager of the El Cerrito store who also had a sexual relationship with Wells, made several false accusations against plaintiff. In June 2009, plaintiff was transferred back to the Oakland store. Plaintiff alleges that in July 2009, Wells and the district manager falsely accused her of threatening two other employees with a knife. On September 8, 2009, plaintiff was allegedly

wrongfully terminated because of a discrepancy between the amount of money in the cash register and the amount on the register tape, despite timely reporting this discrepancy.

Plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing on June 21, 2010. Plaintiff subsequently filed suit in state court on July 28, 2010. Plaintiff asserted six causes action: (1) violation of California Government Code Sections 12920, 12921, and 12940; (2) harassment violation of California Government Code Section 12940; (3) retaliation for prior sexual harassment complaint; (4) breach of implied in fact contract; (5) breach of implied covenant of good faith and fair dealing; and (6) wrongful termination. On November 5, defendant removed the action. After removal, defendant responded to the complaint by filing a motion to dismiss. The motion was granted on December 8. Plaintiff was granted leave to and subsequently did file a motion for leave to file an amended complaint. That motion was denied and the action was dismissed on January 20. Defendant now seeks to recover attorney's fees incurred to defend this action.

**ANALYSIS**

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to attorney's fees when authorized by statute, rule, or other grounds. Under the Fair Employment and Housing Act, "[a] court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the action is filed by a public agency or a public official, acting in an official capacity." CAL. GOV. CODE § 12965(b). Attorney's fees may be awarded to a prevailing defendant "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 421 (1978) (citation omitted). "[T]he term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 831 (2002) (citation omitted).

Defendant argues that each of the FEHA claims plaintiff asserted against defendant was frivolous, unreasonable, or groundless. *First*, defendant argues that plaintiff's sexual harassment claim was groundless because it was founded upon plaintiff's consensual sexual relationship with

2

Wells, which cannot support a sexual harassment claim. Although it is true that plaintiff failed to allege that the relationship between her and Wells was not consensual, she did allege that Wells subsequently took adverse action toward her based on their former sexual relationship. For example, she alleged that Wells and the district manager falsely accused her of threatening two other employees with a knife. Furthermore, she alleged that she was wrongly fired — allegedly at the advice of Wells, human resources, and loss prevention — because of a discrepancy between the amount of money in the cash register and the amount on the register tape, despite timely reporting this discrepancy. Although plaintiff did not properly state a claim for sexual harassment, her allegation was not so groundless as to warrant attorney's fees.

*Second*, defendant argues that plaintiff's sexual harassment claim was groundless because her sexual relationship with Wells ended outside of the applicable one-year limitations period. It is true that according to Section 12960(d), "No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred." It is also true that the relationship between plaintiff and Wells ended in 2008, outside of this limitations period. Plaintiff, however, alleged that Wells took adverse action toward her within a year of filing either her administrative complaint on June 21, 2010, or her state court complaint on July 28, 2010. For one, plaintiff alleged that Wells and the district manager falsely accused her of threatening two other employees with a knife in July 2009. In addition, she alleged that she was wrongly fired because of a discrepancy between the amount of money in the cash register and the amount on the register tape on September 8, 2009. Although these events did not save plaintiff's sexual harassment claim from the statute of limitations, her sexual harassment claim was not groundless.

*Third*, defendant argues that plaintiff's discrimination claim under FEHA was groundless and frivolous because "[n]either Plaintiff's association with Wells, her prior sexual relationship with Wells, nor Flagler's purported jealousy with respect to those relationships are protected by the FEHA" (Br. 8). As explained above, plaintiff alleged that Wells took adverse action toward her based on their former sexual relationship. Although plaintiff did not properly state a claim for sexual harassment, her allegation was not so groundless or frivolous as to warrant attorney's fees.

3

*Fourth*, defendant argues that plaintiff's retaliation claim was frivolous, groundless, and unreasonable because plaintiff previously stipulated that her transfer from the El Cerrito store to the Oakland store was the result of a mutual decision. Plaintiff, however, alleged more possible grounds for a retaliation claim than transfer to the Oakland store. As discussed above, plaintiff alleged that she was falsely accused of threatening other employees with a knife and was wrongfully terminated. Although plaintiff did not successfully state a claim for retaliation, her retaliation claim was not frivolous, groundless, or unreasonable.

*Fifth*, defendant argues that plaintiff's decision to continue litigating FEHA claims which lacked legal and factual foundation was inexcusable and unreasonable. Specifically, defendant argues that plaintiff should have withdrawn her FEHA claims after her complaint was dismissed, rather than file a motion for leave to file an amended complaint. The December 9 order granting the motion to dismiss, however, explicitly granted plaintiff the opportunity to file a motion for leave to file an amended complaint. It was by no means inexcusable or unreasonable for plaintiff to file such a motion, even though plaintiff did not successfully cure the defects in her complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorney's fees is **DENIED**. The hearing on the motion scheduled for March 10 is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE